### MURDOCK v. MURDOCK.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. DIVORCE (§ 171*)—SEPARATION—EFFECT OF LIMITED SEPARATION.

Under Code Civ. Proc. § 1762, providing that, in the cases specified in the following section, a husband or wife may maintain an action against the other party to procure a judgment separating the parties from bed and board forever, or for a limited time, a wife, after procuring a separation for two years on the ground of cruelty, may maintain an action for a permanent separation on the same facts at the expiration of that period.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 171.*]

2. DIVORCE (§ 116*)—SEPARATION—ACTIONS—ADMISSION OF EVIDENCE.

In an action for a permanent separation on the ground of cruelty, everything pertaining to the married life of the parties was admissible in evidence, including matters shown in a former action for a limited separation on the same ground.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 116.*]

Houghton, J., dissenting.

Appeal from Trial Term, Warren County.

Action by Martha J. Murdock against David W. Murdock. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Charles P. Coyle, for appellant.
James S. Kiley and A. C. Taylor, for respondent.

BETTS, J. The parties were married November 15, 1906. They separated about February 25, 1907, plaintiff leaving defendant's house after defendant had attempted to eject her therefrom, and after much abuse by the defendant and his mother, with whom the parties lived, and after, as was later found by the court, the defendant had been guilty of cruel and inhuman treatment of plaintiff. Shortly thereafter the plaintiff brought an action for a separation, alleging cruel and·inhuman treatment. Defendant denied this, and alleged plaintiff's absence from defendant without any intention of returning. The case was tried before Justice Spencer on or about April 7 or 17, 1907.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judgment was filed in the Warren county clerk's office May 7, 1907. The conclusions of law of the learned justice were: (1) "That the defendant has been guilty of cruel and inhuman treatment of plaintiff." (2) "That the defendant has been guilty of such conduct toward the plaintiff as to render it unsafe and improper for her to cohabit with him." (3) "That in view of the fact that the parties hereto were so recently married and that the causes which lead the court to grant a separation are causes which might be removed by the defendant, and that in the judgment of the court a permanent separation ought not at this time to be granted," a judgment for a separation for two years was granted, and it provided that the defendant pay plaintiff the sum of $3 alimony per week, and plaintiff was awarded costs of $25 and disbursements. Such a judgment was entered, costs paid, and alimony paid until the expiration of the two years, when defendant ceased paying alimony. Whereupon, after a motion at a Special Term presided over by Justice Spencer asking to have the separation between the parties made permanent and for the continuance of the alimony both of which were denied, this action was brought on or about December 7, 1910. In her complaint the plaintiff alleges abuse, ill treatment, and ill usage by the defendant and practically the same facts that were alleged in the former action, including cruel and inhuman treatment, and that the defendant had been guilty of such treatment and conduct toward the plaintiff as rendered it unsafe and improper for the plaintiff to cohabit or live with the defendant. The prior action and the result thereof is then set forth, and the plaintiff asks for a separation and for alimony.

The answer denies the allegation as to the wrongful treatment by the defendant of the plaintiff, and sets up the former judgment and the defendant's compliance therewith as practically a bar to this action, and asks that the complaint be dismissed.

Before the commencement of the trial the court announced:

"There is no cause of action here for cruel and inhuman treatment. That has been tried. You have alleged that he has failed to provide for her, although she had requested him to do so. I will hear evidence on that allegation."

Thus the evidence which the plaintiff was permitted to introduce was limited by that ruling of the court.

Upon the trial the plaintiff introduced the former judgment, and testified to what I assume to be practically the same matters, for which the judgment was originally given, and the further fact that no support had been accorded her by the defendant, that she had been posted in the papers by him, and that the defendant had made no advancements towards her in the way of speaking or in the way of her future living, or offering her any home, or providing for her in any way, and that she had endeavored to make a living by working at various places. Upon the close of the plaintiff's testimony, the defendant moved to dismiss the complaint on the ground that the plaintiff "has not sustained the burden of placing herself in a position to ask for a judgment of separation, in that she has not offered to return, or asked the defendant to provide her a home, or asked any aid of him.

Therefore, there has not been an abandonment." The court announced its decision as follows:

"The Court: I must decide the case on what has occurred since the time that the decree ceased to be operative. It may very well be that this man will refuse to take care of his wife, but he has not yet refused to do so, according to the proof. Until he has, there is no proof on which a court can grant a decree compelling him to. * * * That is a decree of the court which has been fulfilled. I think that she should in some way demand that he support her before an action for abandonment can be maintained. So I will grant the motion."

Whereupon he dismissed the complaint granting costs against the plaintiff, and it is from this judgment that the appeal is brought.

[1] Section 1762 of the Code of Civil Procedure, so far as material, is as follows:

"In either of the cases specified is the next section, an action may be maintained, by a husband or wife, against the other party to the marriage to procure a judgment, separating the parties from bed and board forever, or for a limited time."

Substantially the same statute has been in force since the Revised Statutes. See 2 Rev. St. pt. 11, c. 8, art. 4, § 50.

The question is presented here whether a person who has had a judgment of separation for a limited time—i. e., for two years—and, after the expiration of the two years, has asked the court to make that separation permanent, which was denied can maintain a new action for a separation, separating the parties from bed and board forever.

The result of this action has been that the court has practically held that such an action could not be maintained. Bearing in mind that this separation for a limited time was stated in the findings of Justice Spencer to be for "causes which might be removed by the defendant, and that in the judgment of the court a permanent separation ought not at this time to be granted," I think that this action was properly maintainable, and that the plaintiff should not have been limited in her proof, and that, even as so limited, there was sufficient evidence to justify the court in granting the judgment for separation from bed and board forever to the plaintiff.

This case very well illustrates the wisdom of the decision of the chancellor in 1819 in Barrere v. Barrere, 4 Johns. Ch. 187. In that case the propriety of a divorce from bed and board for a limited time or forever was very fully and carefully considered by the learned chancellor. The conclusion which he reached after exhaustive citation of authorities in this and many other countries was that such a separation when decreed should be made perpetual with a proviso that the parties may, at any time, by their mutual and voluntary act, apply to the court for leave to be discharged from the decree. Had such procedure been followed in this case, much litigation would have been avoided, and the awkward situation now existing would not have obtained. I do not find the precise question passed upon.

In Hobby v. Hobby, 5 App. Div. 496, 39 N. Y. Supp. 36, the plaintiff obtained a judgment of separation from the defendant in 1868. Afterwards the parties became reconciled and lived together as hus-

band and wife from 1875 to 1880, when the defendant again abandoned the plaintiff. The judgment of separation was not vacated or set aside by the court. After the defendant abandoned the plaintiff, the parties entered into an agreement of separation through a trustee under which for some time the defendant paid the plaintiff alimony. Later the defendant stopped paying alimony. Whereupon the plaintiff brought a new action to obtain a decree of separation from the defendant's bed and board. The question came before the court upon a motion of the plaintiff for alimony and counsel fee; alimony having been granted by the Special Term. The court there held that the action could not be maintained and reversed the order awarding the plaintiff alimony; the conclusion being that the plaintiff should proceed to enforce the original decree of separation.

Of course, no such procedure can be had here as the original decree has expired by its own limitation at the end of two years; hence, if the wife cannot maintain this action and secure alimony from a husband who cruelly and inhumanly treated her up to the time of their actual separation and who has in no way attempted to provide for her since or to establish a reconciliation with her, she is remediless. I do not think that such a situation should be permitted to exist, and think that this wife should be permitted to continue this action to a conclusion.

[2] As to the restrictions placed upon the plaintiff in her attempt to prove matters which necessarily were considered upon the prior action, Powers v. Powers, 84 App. Div. 588, 82 N. Y. Supp. 1022, says:

"It may be laid down as a general rule in such actions that a picture of the previous married life of the parties is essential to an intelligent and fair conclusion as to the effect which ought to be given to proof of a particular act of cruelty on the part of the husband."

So I think in this case everything pertaining to the married life of the parties was essential to be brought out, so that the court might be put in possession of the fullest information in order to frame the decree which ultimately would be granted.

For this reason, I think that the exclusion of testimony on the part of the court was an error. See as to costs against a wife in a matrimonial action De Rose v. De Rose, Hopk. Ch. 114.

It follows that the judgment appealed from should be reversed, with costs and disbursements against the defendant. All concur, except HOUGHTON, J., dissenting in opinion.

HOUGHTON, J. (dissenting). The plaintiff saw fit to bring an action for separation from her husband. The result was a decree of separation for the term of two years, with a provision for alimony for her support and maintenance, which alimony was paid. It must be assumed that she was satisfied with this decree because she did not appeal therefrom. By her own voluntary act, therefore, the plaintiff by a decree of the court established her status of separation from her husband and separated herself from him. After the expiration of two years, he ceased separately maintaining her, and

provided nothing for her support separate from himself. After the decree which the plaintiff had obtained had spent its force by limitation of time, she brought the present action, alleging the same cruel and inhuman treatment which she alleged in her prior action, and did not plead that the defendant had abandoned her.

I think under the circumstances disclosed the plaintiff had no right to invoke the ill treatment which she suffered prior to the decree as a ground for another decree of separation, and that the learned trial court was entirely right in saying that she could not have another decree except upon facts arising subsequent to her former decree. She could not prove nonsupport because she did not allege that as a ground for asking judgment. Even if she could make such proof, having separated herself from her husband voluntarily, it was incumbent upon her to put him in default by making some demand for support upon him or requesting that he provide a home for her. Even this she did not do.

Very likely the awarding of costs against the plaintiff was an oversight, and I think they should be stricken out. With that modification, I think the judgment should be affirmed.