HELEN L. POLLITZER, Respondent, v. WILLIAM S. POLLITZER, Appellant.

Second Department, June 27, 1917.

**Husband and wife — separation — effect of former judgment of limited separation — findings necessary before entry of subsequent judgment for permanent separation.**

Where, in an action for a separation from bed and board forever, the trial court finds as a matter of law that the plaintiff is entitled to a judgment of separation for a period of one year and that the parties or either of them may after the expiration of said period apply to the court to have such judgment made permanent, modified or discharged, the court, after the expiration of the judgment for one year, has no authority to enter a judgment permanently separating the parties, without permitting the presentation of new findings upon all of the evidence.

In such an action the power of the trial court is limited to dismissing the complaint, or granting a judgment for a separation from bed and board forever, or for a limited time, as the evidence may warrant.

After the judgment for one year entered in this case had been fully executed and had ceased to exist by its own limitation, the parties were left exactly where they were prior to its rendition and possess the same legal rights as to a separation from bed and board forever, that they possessed when the action was commenced.

In actions for separation the Code of Civil Procedure provides for the kind of judgment and gives no authority to the court to reserve any question or to modify or change the judgment entered, except to revoke the same as authorized by section 1767.

APPEAL by the defendant, William S. Pollitzer, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 6th day of March, 1917.

*Wales F. Severance,* for the appellant.

*Julius Henry Cohen,* for the respondent.

RICH, J.:

The defendant appeals from an order of the Special Term denying his motion to set aside a judgment of separation from bed and board for one year, entered herein on November

5, 1915, and from what the appellant characterizes as a second judgment by which it was "Ordered, adjudged and decreed, that the said plaintiff and defendant be permanently separated from bed and board," and denying his request to be allowed to submit proposed findings upon which a new judgment should be entered in accordance with such findings. The motion was based upon the ground that the so-called second judgment was a final judgment, based in part upon additional evidence, without any additional findings of fact showing upon what facts the determination was based, the contention being that at the end of the year's separation decreed by the first judgment the parties came before the court and presented additional evidence tending to establish that the plaintiff was entitled to a separation from bed and board forever, and that findings of fact based upon the whole evidence should then have been made as a basis for the final judgment. This is a statutory action, and, as was held in *Ackerman* v. *Ackerman* (200 N. Y. 72, 76): "The courts of this State have no common-law jurisdiction over the subject of divorce, and their authority is confined altogether to the exercise of such express and incidental powers as are conferred by the statute."

The provisions of the statute governing actions for a separation from bed and board are contained in sections 1762–1767 of the Code of Civil Procedure. Section 1762 provides that an action may be maintained "to procure a judgment, separating the parties from bed and board, forever, or for a limited time." Section 1767 provides that after a judgment of separation forever or for a limited period has been granted, upon satisfactory evidence of the reconciliation of the parties, the court may revoke the judgment, subject to such regulations and restrictions as the court sees fit to impose.

The complaint is not printed in the record, but it must be assumed that it is the ordinary complaint for a separation from bed and board forever. The issues formed by the service of the answer coming before the court for trial, and evidence being given of the facts constituting the alleged cause of action, the power of the trial court was limited to dismissing the complaint or granting a judgment for a separation from bed and board forever, or for a limited time, as the evidence established the rights of the parties to be. The evidence

taken upon the trial did not seem to satisfy the trial court of plaintiff's right to separation forever, for he found as a conclusion of law " That the said plaintiff is entitled to judgment against the defendant, that the said plaintiff and defendant be separated from bed and board for a term or period of one year from and after the 18th day of October, 1915, provided, however, that the parties or either of them, may after the expiration of said period of one year from and after said 18th day of October, 1915, apply to this court, to have such judgment made permanent, modified or discharged." Upon the entry of this judgment the power and authority of the court was exhausted, and there was nothing to make permanent, modify or discharge. The judgment was permanent for its full term of one year, had been fully executed and had ceased to exist by its own limitation, and the parties were left exactly where they were prior to its rendition and possessed the same legal rights as to a separation from bed and board forever that they possessed when the action was commenced. (*Murdock* v. *Murdock,* 148 App. Div. 564.) Had the judgment of separation from bed and board been forever, it might have been revoked at the end of the year, if the parties had in the meantime become reconciled, under the provisions of section 1767 of the Code, and the evident purpose and desire of the trial court thus accomplished without presenting the awkward situation now existing. At the expiration of the year, no reconciliation having been effected in the meantime, the plaintiff could have commenced a new action for a separation from bed and board forever upon the same facts involved in the action in which the year's separation was decreed (*Murdock* v. *Murdock, supra*), or the parties could have voluntarily appeared and agreed that such action should be regarded as still pending, and that the evidence taken therein should be treated as having been given in such new action, but new findings would be necessary before the entry of judgment. The same results would follow if we were to adopt the proposition contended for by the respondent, and regard the action as still pending and the evidence given therein as before the court. (Code Civ. Proc. § 1022.) The respondent contends that no new evidence was given, but this contention must be overruled, the judgment twice declar-

ing to the contrary. She contends also that the decision last entered is not a judgment, but an order. Its language shows that this contention is without merit, but, treating it as an order modifying the former judgment, we have an order which it was not within the power of the court to make, as the judgment had by its own terms ceased to exist. The authorities cited by the respondent are not in point and have no controlling application to the facts presented by this record. They all deal with the subject of alimony, and are nearly all actions for an absolute divorce, in which such questions may be reserved or in which the judgment may provide for a later application to modify or change, under the statutory provisions applicable to that class of actions; but in actions for separation the Code provides the kind of judgment that may be entered, and gives no authority to the court to reserve any question or to modify or change the judgment entered, except to revoke the same as authorized by section 1767. It is said in the opinion of the learned court at Special Term that if the first judgment was wrong for any reason arising from an error in determining the facts or law applicable thereto, or as an unauthorized reservation of power to modify, the judgment should have been reviewed by appeal. I do not concur in this opinion. The appellant seems to have been satisfied with the adjudicated separation for one year, but he now faces an entirely different situation, without any findings of fact advising him upon what additional facts the trial court relied in granting a judgment of separation from bed and board forever; he is deprived of the right to review upon the merits unless such right is secured to him through granting the relief he seeks, viz., vacating both judgments and authorizing him to file requests to find, to be considered and acted upon; and requiring new findings embracing all of the evidence and the entry thereafter of such judgment as the trial court may regard proper and warranted. The sole question before the trial court will be whether, upon all of the evidence, a judgment of separation from bed and board forever is justified and advisable, and then, if the defendant is not satisfied, he can obtain a review upon appeal.

The order must be reversed, and the defendant's motion,

in so far as it relates to the judgment of January 2, 1917, granted, without costs.

JENKS, P: J., THOMAS, STAPLETON and MILLS, JJ., concurred.

Order reversed and defendant's motion, in so far as it relates to the judgment of January 2, 1917, granted, without costs.