EMILY B. ANDERSON, Plaintiff, *v.* PERCY E. ANDERSON, Defendant.

(Supreme Court, New York Special Term, January, 1920.)

Separation — modification of judgment — alimony — Code Civ. Pro. §§ 1767, 1771.

> Where the final judgment in an action for a separation provides for the support of the plaintiff she cannot be deprived of her right under section 1771 of the Code of Civil Procedure to apply for a modification of such provision unless she has expressly waived it.

> A provision of the judgment that the parties to the action might by joint petition apply for a modification or discharge of the judgment must be held to have been inserted with a view to either the absolute or modified revocation of the judgment, pursuant to section 1767 of the Code of Civil Procedure, in case the parties became reconciled, and does not exclude a motion for a modification of the judgment by increasing the amount of alimony provided for therein.

MOTION by plaintiff to modify judgment of separation by increasing the amount of the alimony therein provided for her support.

James Garfield Moses, for motion.

Harry Crone, opposed.

GIEGERICH, J. The plaintiff by this motion seeks to modify the judgment of separation by increasing the amount of the alimony therein provided for her support. The defendant insists that the court has no power to entertain such a motion. I do not think the point is well taken. The final judgment in this case contains a provision for the support of the plaintiff, and therefore the court has the power, pursuant to section 1771 of the Code of Civil Procedure, to vary

or modify the same. The present case is distinguishable from *Koehl* v. *Koehl,* 92 Misc. Rep. 579, where the judgment of separation contained no provision for the support of the plaintiff, and it was held that the power to amend a judgment of separation by inserting a provision for support where none had theretofore been made extended only to the case of children of the marriage. *Pollitzer* v. *Pollitzer,* 178 App. Div. 744, relied on by the defendant, is not in point. The defendant further contends that the court is without jurisdiction to entertain the motion for the reason that the judgment of separation specifically contains a provision that the judgment cannot be modified, except upon the joint application of the plaintiff and the defendant. I do not, however, so construe such provision. The provision in question is contained in the following paragraph of the judgment, viz.: " Ordered, adjudged and decreed that the plaintiff, Emily B. Anderson, who is and has been since the 9th day of June, 1896, the lawful wife of the defendant, Percy E. Anderson, be and is hereby separated from said defendant, his bed and board, upon the ground that the defendant has been guilty of cruel and inhuman treatment of the plaintiff, and has abandoned the plaintiff and has neglected and refused to provide for her: provided, however, that the parties hereto may at any time hereafter by their joint petition apply to this court to have this judgment modified or discharged." So far as I can gather from a reading of the foregoing paragraph there is nothing contained therein which excludes an application of this character. I think it should be held that this provision was inserted in the judgment with a view to either the absolute or modified revocation of the judgment pursuant to section 1767 of the Code of Civil Procedure in case the parties might thereafter become reconciled. That

section provides that upon the joint application of the parties, accompanied with satisfactory evidence of their reconciliation, a judgment for a separation, forever or for a limited period, may be revoked at any time by the court which rendered it, subject to such regulations and restrictions as the court thinks fit to impose. I am not overlooking the fact that the portion of the judgment just quoted uses the word " modified " as well as the word " discharged." I think, however, that both words were used with section 1667 in view. If the judgment should in future be revoked unconditionally, the word " discharged " would apply, while if such revocation were made subject to " regulations and restrictions," the word " modified " would more suitably describe what was done. The plaintiff had when the judgment was entered and still has the right, under section 1771 of the Code of Civil Procedure, to apply for a modification of the provisions contained in the judgment for her support, and she cannot be deprived of such right unless she has expressly waived it. The papers fail to disclose any such intention on her part. While the defendant in his opposing affidavit denies the allegations of the moving affidavit which are to the effect that the defendant is in receipt of a large income, such opposing affidavit, nevertheless, fails to set forth any facts whatever relative to his property or investments and his income from all sources, including salary. The defendant will therefore, within five days after the publication of this memorandum, file and serve a further affidavit showing in detail his present occupation and the returns, including salary, therefrom, and his investments, if any, and the income derived therefrom, for the years 1918 and 1919. A replying affidavit may be submitted within three days after such service. The papers so far received by me have in the meantime been returned

to the clerk, to whom such further opposing affidavit and a replying affidavit, if any, are to be handed in, with proof of service.

Ordered accordingly.