Lena Kaplan, by Sam Edelman, Her Special Guardian ad Litem, Appellant, v. Isidore Kaplan, Respondent.

Second Department, December 19, 1930.

*Avel B. Silverman*, for the appellant.

*Bernard Chambers*, for the respondent.

Per Curiam. The provisions of article 69 of the Civil Practice Act, entitled " Action for a separation," neither expressly nor inferentially preclude the maintenance of an action for separation by the duly authorized representative of an incompetent person. The situation is different from that in the case of an action for annulment sought to be brought by a sane spouse against an insane one under article 67 of the Civil Practice Act. In *Hoadley* v. *Hoadley* (244 N. Y. 424) it was held that, because the right to begin an action for annulment was expressly limited by statute to certain persons, and the enumeration of such persons did not include a sane spouse who sought to annul a voidable marriage on the ground of the insanity of the other, such an action would not lie. Here, it is claimed defendant abandoned the insane wife. A judgment of separation would place her in no worse position. On the other hand, public interests would be served by compelling the husband to perform his duty to support. To the claim that the right to separation is of a personal nature and that the insane wife, were she sane, might be unwilling to sue her husband, it might be said it would not be a serious invasion of her wishes, especially since, under the provisions of section 1165 of the Civil Practice Act, there may be a reconciliation and the judgment revoked by consent, or, under section 1161 of the Civil Practice Act, the separation may be limited to the period of insanity, in which event, upon the restoration of the wife's reason, the judgment would expire by limitation and the parties be restored to their original situation. (*Pollitzer* v. *Pollitzer*, 178 App. Div. 744.) Such a case is quite different from an action for divorce in which a

judgment dissolves the marriage. This might be contrary to the wishes or subversive of the principles of the incompetent person were he sane.

The order granting defendant's motion to dismiss the complaint should be reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, KAPPER and TOMPKINS, JJ., concur; SCUDDER, J., dissents and votes to affirm, with the following memorandum: There being no statutory provision in this State authorizing its institution, this action for a matrimonial separation, brought by the guardian *ad litem*, cannot be maintained. Although an injustice may seem to be done the wife in this case, courts must take the law as they find it. If there is need to amend the statute to meet such a situation, the Legislature must act. An action of this nature is " so strictly personal and volitional that it cannot be maintained at the pleasure of a guardian or committee of an insane spouse." Marital relations " can be dissolved only with the consent of the injured spouse, which consent cannot be given where he or she is insane." (9 R. C. L. § 204.) In those jurisdictions where such actions may be maintained, it is because statutes expressly grant such power. (*Dillion* v. *Dillion,* [Tex Civ. App.] 274 S. W. 217.) This State has no common-law jurisdiction over divorce (*Ackerman* v. *Ackerman,* 200 N. Y. 72, 76) or separation (*Pollitzer* v. *Pollitzer,* 178 App. Div. 744). Section 1161 of the Civil Practice Act authorizes an action for a separation " forever, or for a limited time," but I do not think it was thereby contemplated to grant the power to bring such an action to the guardian of an insane spouse.

Order granting defendant's motion to dismiss complaint for insufficiency and for incapacity to sue reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within ten days from service of a copy of the order herein.