to this court from the two orders above mentioned, modified by striking out of the ordering paragraph thereof the words " in all respects denied " and substituting in place thereof the following: " denied as to printing cost, and granted as to counsel fee to the extent that plaintiff be and he hereby is directed to pay the defendant the sum of $100." As so modified, the order is affirmed, without costs. The said allowance of counsel fee is to be paid within ten days after the making of an order hereon. There was merit to the appeal and, therefore, a counsel fee should have been allowed. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

■

S. Reymart Alter, Suing on Behalf of Himself and All Other Stockholders of Pleasureland Estates, Inc., Similarly Situated, and in the Right of Pleasureland Estates, Inc., Respondent, v. Pleasureland Estates, Inc., et al., Appellants, et al., Defendants. S. Reymart Alter, Suing on Behalf of Himself and All Other Stockholders of Lake Camps, Inc., Similarly Situated, and in the Right of Lake Camps, Inc., Respondent, v. Lake Camps, Inc., et al., Defendants, and Hannah K. Silverstein, Appellant. S. Reymart Alter, Suing on Behalf of Himself and All Other Stockholders of Pleasureland Estates, Inc., Similarly Situated, and in the Right of Pleasureland Estates, Inc., Respondent, v. Pleasureland Estates, Inc., et al., Defendants, and Hannah K. Silverstein, Appellant.— Appeals discontinued, without costs, pursuant to stipulations. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

George J. Harris, Doing Buiness as Casing Importing Company, Respondent, v. Adolph Gleue & Company, Appellant, et al., Defendants.— Appeals discontinued, without costs, pursuant to stipulation. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

■

Mary L. D. Howe, Respondent, v. George Howe, Appellant.— Defendant appeals from an order as resettled, which referred to an Official Referee to hear and determine a motion to increase the alimony awarded by a decree of separation, as amended, and for other relief, which order directed that the determination should be made without regard to the effect of an agreement made by the parties fixing the amount of alimony. Order modified on the law and the facts by striking from the last ordering paragraph the words " without regard to the effect of the agreement between the parties, dated October 19, 1948, incorporated in the final decree of separation herein ", and as so modified affirmed, without costs. A final decree of separation was obtained by the plaintiff and an award for her support was contained therein with provision for the right to seek modification by either party. Thereafter the decree was amended on motions by each of the parties. The last amendment directed the payment by defendant of $250 a month. Thereafter they agreed that the defendant should pay $1,000 immediately, $250 a month for twenty months, and then $300 a month. The plaintiff agreed that she would make no further applications for an increase. It was also agreed that the parties would apply to amend the decree in accordance with their agreement. It was provided that the agreement would not be effective until the Supreme Court modified the decree. The court did modify the decree as the parties had agreed. The agreement is a proper subject for consideration by the Referee. Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ., concur.