John D. Bennett, S.
This is an accounting proceeding in which decedent’s ex-wife has filed objections to the account for moneys allegedly due to her for the support and maintenance of their child pursuant to a separation agreement dated February 5, 1957.
The terms of the separation agreement provided for the payment of $12.50 per week to decedent’s wife for the support, maintenance and education of their child until the child (a) married, (b) reached 18 years of age, or (c) graduated from school and commenced working. The wife was also entitled to receive medical, dental, nursing and hospitalization expenses for as long as the support payments were to be made.
On August 12, 1957, decedent’s wife, the objectant herein, secured a Florida divorce from the decedent. The decree therein provided for the payment of $12.50 per week for the support of the child, but was silent as to the separation agreement.
The decedent died on October 12, 1958, leaving a will in which he left one half of his property to his daughter.
On October 5,1959, decedent’s daughter, who was not married and not yet 18 years of age, commenced working.
*940 The objectant herein seeks to assert three claims for money allegedly due her for the support and maintenance of the child.
The first claim, for four weekly payments from September 12, 1958 to October 12, 1958, the date of decedent’s death, totaling $50 and not paid by the decedent during his lifetime, is allowed. The testimony of the objectant stands uncontradicted on this point, except for testimony by the decedent’s father concerning payments allegedly made by decedent to objectant’s second husband. That testimony was extremely vague and indefinite.
The second claim by objectant is for $700 for support payments from October 12, 1958, the date of the decedent’s death, to October 5, 1959, the date when the child commenced working. The basis for this claim is the separation agreement herein-before mentioned. Objectant contends that the provisions referring to the termination of the support payments must be construed to survive the decedent’s death.
Whether the objectant is entitled to recover for support money expended for the support of the child depends on two considerations: First, whether the provisions of the separation agreement merge in the divorce decree, and next whether, if there is no merger, the provisions survive the death of the decedent. Both these considerations are to be determined by the intent of the parties after an examination of the entire agreement, the decree, and the surrounding circumstances.
In this case the court is unable to find sufficient evidence of intent that the provisions of the separation agreement merged in the divorce decree. In the absence of such intent, the provisions of the separation agreement survive the divorce decree (Jaeckel v. Jaeckel, 179 Misc. 994).
However, in regard to whether the provisions of the separation agreement survived the decedent’s death, Cooke v. Cooke (208 Misc. 591, 594) quoted Lepsch v. Lepsch (275 App. Div. 412) as follows: “ If a separation agreement contains no specific provision as to survival of benefits, it must be read as a whole to determine whether it was the intention of the parties that such agreement survive the husband’s death, and the burden of proving such intent is on the wife.”
In the Cooke case the court held that where the words “ during her lifetime ” were used to limit payments, they did not serve to extend the making of the payments beyond the husband’s lifetime. Further, the provision binding the heirs, executors, administrators and assigns of the husband was held to refer to performance of the agreement, and not to act to extend it past decedent’s death.
*941 In the present case the objectant has offered no proof of intent, other than the production of the separation agreement and the decree of divorce. The court is unable to find a specific provision in the separation agreement which would show an intent that the payments in question were to continue after the decedent’s death. Accordingly, the claim of the objectant for payment of support after the decedent’s death is denied.
The final question presented herein pertains to money expended by the objectant for the child’s medical and dental bills. The same rule applies here as applies to the support provisions of the agreement. Since the agreement is held herein not to survive decedent’s death, only those payments made during his lifetime are allowable herein.
At the hearing in this matter, the objectant testified to bills she paid for medical and dental services. The attorney for the executor objected to testimony by the objectant to show the reasonableness of the bills. Under the language of the separation agreement the court determines that since no mention is made therein of proof of reasonableness as a prerequisite to payment, the party alleging that a bill is not reasonable has the burden of proving that said bill is not reasonable.
The objectant testified she spent a total of $86 for medical and dental bills prior to decedent’s death. As to the balance claimed, no proof was offered as to when the services were performed; or, where there was proof, it showed that they were performed after the decedent’s death and are therefore, not allowable. This court finds that the objectant is entitled to reimbursement of the sums of $50 for support payments due, and $86 for bills paid for medical and dental services.
Settle decree on five days ’ notice in accordance herewith, with three additional days if service is by mail.