■ VIRGINIA N. BISHOP, Respondent, v. ROBERT W. BISHOP, Appellant.— In an action by a wife for a divorce, the defendant husband appeals from so much of an order of the Supreme Court, Queens County, dated April 5, 1961,

made on reargument, as grants his motion to vacate or modify the wife's notice to examine him before trial only to the extent of limiting the examination to his earnings and assets for the period commencing January 1, 1960. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The examination shall proceed on 10 days' written notice or on any other date mutually fixed by the parties. In 1951, when a separation action was pending between the parties, they entered into a stipulation as to custody and support of the children, support of the wife and fixing a counsel fee, "in order to shorten the trial" and subject to the approval of the court. The stipulation provided that the pending action "shall proceed to trial and entry of judgment and that at said trial either party may introduce this stipulation in evidence without objection by the other." A separation decree was entered in 1951, which contained provisions for support and for custody of the children in accordance with the provisions in the stipulation. While this stipulation may be considered and given some weight by the Trial Judge in the divorce action (*Howe* v. *Howe*, 280 App. Div. 952), it did not survive the separation decree and create obligations independent of that decree (*Murray* v. *Murray*, 278 App. Div. 183, affd. 303 N. Y. 700; *Howe* v. *Howe, supra*). The stipulation and the separation decree do not deprive the Trial Judge in the divorce action of the power to award amounts for support which are different from the amounts specified in the separation decree (see, e.g., *Addis* v. *Addis*, 73 N. Y. S. 2d 843; *Murray* v. *Murray, supra*). Defendant is self-employed. He has not denied the allegations in the complaint. Under all the circumstances, it may not be held that the Special Term improvidently exercised its discretion in permitting the examination to proceed and in continuing the examination to the period after January 1, 1960 (*Campbell* v. *Campbell*, 7 A D 2d 1011). Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.