Harry B. Frank, J.
Defendant moves to dismiss the complaint which pleads two causes of action for divorce. The first cause is predicated upon allegations that for at least 10 years defendant has and still continues to maintain an adulterous relationship with another woman with whom he has been living, and the second cause charges defendant with departing from the home of the parties on or about March 17, 1954 without justification and with the intention of not returning.
Defendant seeks dismissal of the first cause of action pursuant to CPLR 3211 (subd. [a], par. 5) on the ground that said cause arose more than five years before the date of the commencement of the action, and he moves under CPLR 3211 (subd. [a], par. 7) to dismiss the second cause on the ground that it does not state a cause of action for abandonment for more than two years because the parties have been living separate and apart pursuant to a decree of separation entered in this court on June 15,1954.
Defendant’s objection to the first cause of action is well taken. Section 210 of the Domestic Relations Law provides that “no action for divorce or separation may be maintained on a ground which arose more than five years before the date of the commencement of that action for divorce ’ ’.
Since it clearly appears that plaintiff has known of defendant’s adulterous conduct for upwards of 10 years, a divorce action will not lie, even though the adultery continues to the date of the commencement of the action (see Ackerman v. Ackerman, 200 N. Y. 72).
With respect to the second cause of action based on the defendant’s alleged abandonment in March, 1954, the papers disclose that the parties were judicially separated by this court in June, 1954.
Under present section 170 of the Domestic Relations Law, an action for divorce may be maintained by a husband or wife upon various grounds including the following: * * * “ (2) The abandonment of the plaintiff by the defendant for a period of two or more years. * * * (5) The husband and wife have lived apart pursuant to a decree of separation for a period of two years after the granting of such decree, and satisfactory proof has been submitted by the plaintiff that he or she has duly performed all the terms and conditions of such decree.”
Plaintiff emphasizes that she is not seeking relief by virtue of the separation decree as provided under subdivision (5) but that she is proceeding pursuant to subdivision (2), the ground *223 of abandonment, and her complaint simply alleges that “ on or about March 17, 1954, the defendant * * * departed from the home of the parties with the intention of not returning * * * and continuously from that day to the present he has wilfully failed and refused to return ” and that “ the defendant’s departure * * * -as aforesaid, constitutes an abandonment of the plaintiff by the defendant for a period of more than two years.” The allegation of abandonment on or about March 17,1954 was the same basis upon which plaintiff sought and was awarded the decree dated June 15,1954 which separated her from defendant’s bed and board forever, although such decree is nowhere mentioned in the complaint.
Under our divorce law as formerly constituted there was little occasion to be concerned with the problem of whether a separation decree would bar the successful plaintiff from subsequently instituting an action for absolute divorce predicated upon the same acts which served as the grounds for the prior decree, as plaintiff in this action seeks to do, and such question is one of first impression in this State.
A somewhat analogous problem which has been considered by our courts is a situation where a separation for a limited period had been granted on the ground of cruel and inhuman treatment and upon expiration of such period another action for separation was instituted by the successful party on essentially the same facts. It was there held that the second action could properly lie and that the separation decree, which was extinguished by its terms after the specified period of limitation, would be no bar to such subsequent action notwithstanding that it was predicated upon the same facts as those upon which the first decree had been awarded (Murdock v. Murdock, 148 App. Div. 564; see, also, Pollitzer v. Pollitzer, 178 App. Div. 744; Born v. Born, 2 A D 2d 888).
Such situation, however, is readily distinguishable from the instant controversy involving a separation decree which is still in full force and effect, predicated upon the ground of abandonment, which underlying ground plaintiff seeks to use again, dehors such decree, as a basis for a divorce. While there is no New York decision precisely in point, this problem has been adjudicated in other jurisdictions where divorce and separation have both been available as a remedy for the same type of marital misconduct, as is now the case in this State in regard to abandonment and other specified grounds. A majority of the jurisdictions where the question has arisen has held that a decree of separation is not a bar to an absolute divorce on the same ground, that the two remedies are not inconsistent and the doctrine of election does not apply, that the two have *224 different objects and effects, one being in a sense ancillary to the other, that the cause of action is not the same and there is therefore no merger of the cause of action (see Klinger v. Klinger, 79 S. D. 182; Kunze v. Kunze, 153 Minn. 5; Jenkins v. Jenkins, 125 Cal. App. 2d 109). In all of the foregoing the previously discussed case, Murdock v. Murdock (148 App. Div. 564) is cited in support of such position. (See, also, Williams v. Williams, 33 Ariz. 367; Tiernan v. Tiernan, 112 Neb. 707.) While there has been some authority to the contrary (see Weber v. Weber, 257 Wis. 613), the majority view would appear to be more consonant with the liberal policies manifested by this State’s Legislature in the enactment of our new divorce statute, effective September 1, 1967, and this court would follow such view.
While the adoption of the majority position would permit plaintiff to plead the facts of the abandonment as a ground for divorce, notwithstanding that the still effective separation decree was also granted on such basis, her use of such ground must comply with the statutory limitations thereon and it is here that plaintiff is in difficulty. Section 170 specifically requires that in order to be available as a ground for divorce there must have been an ‘ ‘ abandonment of the plaintiff by the defendant for a period of two or more years ” (italics supplied). While abandonment is also a ground for a legal separation (Domestic Relations Law, § 200) there is no similar time requirement and a decree of separation may be awarded within a short time following the act of abandonment. In the instant case the abandonment took place on or about March 17, 1954, with the decree of separation being entered just three months thereafter, on June 15, 1954, and, with the exception of such three-month period, the parties have been living apart pursuant to the directions of the separation decree of this court from the date of its entry up to the present time. While such decree did not dissolve the marriage tie, it did effectuate a modification of the marriage relations and regulated the duties and obligations of the parties toward each other (See Matter of Levine, 194 Misc. 518; People v. Jansen, 264 N. Y. 364), and while living apart pursuant to such decree it cannot be held that there was a continuation of the abandonment, nor that the husband was, during such period, guilty of abandonment in any legal sense (see People ex rel. Commissioners of Public Charities v. Cullen, 153 N. Y. 629, 635; cf., also, Kunze v. Kunze, 153 Minn. 5, supra; Williams v. Williams, 33 Ariz. 367, supra). Since the abandonment upon which plaintiff relies cannot be shown to have existed “ for a period of two *225 or more years ”, such ground is not available to her as a basis for divorce.
Plaintiff is not, however, without remedy. Subdivision 5 of section 170 permits an action for divorce to be brought where the parties ‘ ‘ have lived apart pursuant to a decree of separation for a period of two years after the granting of such decree ”, and such provision has been held to apply to “ old ” as well as new decrees (see Matter of Curatolo, 52 Misc 2d 31). The Legislature, however, has mandated that such two-year period ‘' shall not be computed to include any period prior to September first, nineteen hundred sixty-six ” (see L. 1966, ch. 254, § 15). While the requisite two-year period has not yet expired, and any action by plaintiff thereunder at this time would be premature, such relief would be available at the appropriate future time.
In light of the foregoing, defendant’s present motion to dismiss the complaint must be granted.