Carmine A. Ventiera, J.
Upon the trial of this action for divorce, the plaintiff, having discontinued a second cause, proceeded on the ground of living apart for two years pursuant to a judgment of separation in her favor (Domestic Relations Law, § 170, subd. [5]). Satisfactory proof having been presented, judgment of divorce is granted to the plaintiff.
The complaint sets forth a third cause of action demanding the sum of $173.26 upon an unrepaid loan made to the defendant in October, 1962. A fourth cause of action demands the sum of $1,044.07 upon a loan made in December, 1962. The plaintiff’s testimony with respect to these two causes of action was unopposed. Defendant’s counsel has submitted a letter dated November 19, 1969 indicating that he does not contest these claims. Accordingly, the court grants judgment to the plaintiff as demanded on the third and fourth causes of action.
The prior judgment of separation, entered April 24, 1964, had fixed support at $200 a week for the plaintiff and four children. The plaintiff was granted exclusive possession of the home and the defendant was directed to pay for the monthly carrying charges and structural repair thereof. Practically all personal property in the home was awarded to the plaintiff, and the *166 defendant was required to maintain in force a life insurance policy designating the plaintiff and children as the beneficiaries.
It is established that in the prior action for separation an oral stipulation was placed on the record and that the terms of the stipulation were then embodied in the judgment. The defendant contends that the stipulation became an enforceable contract. (See Bond v. Bond, 260 App. Div. 781; Ariel v. Ariel, 5 A D 2d 168.) He contends further that in the absence of a showing of intent that it be merged in the judgment, the agreement will survive (Jaeckel v. Jaeckel, 179 Misc. 994; Matter of Silvers, 24 Misc 2d 939; Matter of Nichols, 201 Misc. 922; Matter of Van Arsdale, 190 Misc. 968); and that the agreement may not normally be modified by the court (Galusha v. Galusha, 116 N. Y. 635; Goldman v. Goldman, 282 N. Y. 296; Schmelzel v. Schmelzel, 287 N. Y. 21).
The question of merger or survival of an agreement as a basis for an action on a contract is not now before the court. The bone of contention in this case is whether there was an antecedent separation agreement such as would ordinarily be determinative of the level of support. If the agreement merged in the judgment, modification in proper circumstances is possible. “ Of course, where there is a merger or incorporation of the earlier agreement into the judgment there is no doubt at all of the court’s full power to deal with alimony in the original decision or on modification.” (McMains v. McMains, 15 N Y 2d 283, 287). (See, also, Goldman v. Goldman, supra, and Schmelzel v. Schmelzel, supra, citing Fox v. Fox, 263 N. Y. 68.)
The record in the previous action for a separation does not contain a provision that the stipulation was intended to survive the judgment. It appears that the stipulation was entered into after the action was commenced, put on the record in lieu of the evidence, subject to approval by the court, and that some part of it may have already been executed. ‘ ‘ If that is the correct view, then the terms of the contract still executory became merged in the judgment.” (Kunker v. Kunker, 230 App. Div. 641, 645). Further in 1967, upon plaintiff’s application for modification of support under the decree of separation, it does not appear that the defendant raised an issue of an antecedent separation agreement as a bar.
The court, in finding no contract as a bar to a determination of support, will nevertheless regard the award made in the prior action as properly founded on the then preseparation living standards of the parties. The plaintiff was at that time, as well as now, ably represented by counsel. She was apparently well informed as to the defendant’s financial capabilities and satis *167 fled that the stipulation conformed to her preseparation standard of living. There is no proof of overreaching, fraud or concealment on the part of the defendant and the stipulation was in lieu of evidence and served as a basis for the court’s findings and award. In fixing alimony and support anew, the court will consider the preseparation standard of living, the effect of changed conditions since the prior award and the defendant’s ability to pay.
The parties were given every opportunity to adduce their evidence. It appears that the prior award, some six and one-half years ago was based upon the defendant’s earnings of approximately $20,000 per annum. He was then a partner in a firm which paid his income tax in addition to his salary. The firm also provided him with an expense account in connection with his capacity as a salesman. The partnership has since converted to a corporation which now provides the defendant with a similar expense account and a salary of approximately $30,000 per annum, from which he pays income taxes. While it appears that the defendant’s holdings in the corporation have appreciated in value, it does not follow that the court must fix alimony based upon this factor. “ A wife is not entitled to a share of her husband’s income as such nor is there a right to escalation as the husband prospers ”. (McMains v. McMains, supra, p. 288; see, also, Millner v. Millner, 60 Misc 2d 122, and cases cited therein.) The court, in considering the plaintiff’s needs, is aware of the fact that she is required to maintain a large house, and that costs have risen since the award made some six and one-half years ago. The defendant’s income has also risen somewhat accordingly. In considering the evidence as to the plaintiff’s ability to maintain her standards on the sum previously awarded, the court notes that the plaintiff at first testified that she had no investments; and then, upon her recollection being refreshed, admitted that she had ‘ ‘ about $8,000 ’ ’. The defendant has also raised the point of the plaintiff’s ability to work. Even if she would be employed, “ Her right to support under the decree at the hands of her husband should not be limited merely because, in an effort to promote self-respect and to acquire a measure of independence and future security, she seeks to keep intact her capital assets and she devotes herself to some employment ’ ’ (Brody v. Brody, 22 A D 2d 646). While two of the parties ’ four children have become emancipated since the prior judgment, an automatic reduction of support does not necessarily follow (Brody v. Brody, supra). To what extent the emancipation of these two children has affected the plaintiff’s needs in accordance with the preseparation standards is a matter *168 of proof. The court also recognizes that “ alimony awarded on the dissolution of a marriage differs in one element from that on a separation ” (Wilson v. Hinman, 182 N. Y. 408, 410-411). “ The court is authorized to give by its decree * * * a just and adequate substitute for the right of the innocent wife (the right of support * * *) which the divorce cuts off and forbids in the future ” (ibid., p. 411, quoting from Matter of Ensign, 103 N. Y. 284). “ The alimony provision in the separation decree is not conclusive with respect to fixation of alimony in the divorce action and does not require plaintiff^ to bear the burden of showing change of circumstances (Goshin v. Goshin, 281 App. Div. 979).
After consideration of the proof adduced at the trial, alimony and support is fixed at $180 a week for the plaintiff and two children, and, in addition, the other provisions of the judgment of separation are to be continued.
Counsel fees are awarded to the plaintiff in the sum of $2,500 including disbursements, payable within 60 days after service of a copy of the judgment herein, with notice of entry.