ENGEMANN v ENGEMANN

1. DIVORCE—JURISDICTION—STATUTES—ABSOLUTE DIVORCE—DIVORCE
    FROM BED AND BOARD.

    Jurisdiction in a divorce case is strictly statutory and a circuit
    court is clearly given authority to grant an absolute divorce;
    thus a prior judgment of divorce from bed and board, rendered
    in another county, was not a bar to an absolute divorce issued
    under the no-fault statute where the defendant had appeared
    and consented to the granting of the divorce (MCLA 552.6,
    552.7).

2. DIVORCE—JURISDICTION—ABSOLUTE DIVORCE—DIVORCE FROM BED
    AND BOARD—RES JUDICATA—ALIMONY—SUPPORT.

    A trial court acted within its jurisdiction in modifying provisions
    for alimony and support when granting an absolute divorce
    where alimony and support provisions had previously been
    ordered by a court in another county in granting a divorce
    from bed and board; there is such a substantial difference
    between a divorce from bed and board and a divorce from the
    bonds of matrimony that the principles of res judicata do not
    apply.

3. DIVORCE—ABSOLUTE DIVORCE—DIVORCE FROM BED AND BOARD—AL-
    IMONY—SUPPORT—SEPARATE MAINTENANCE.

    A circuit court may modify alimony and support provisions made
    earlier in a judgment of separate maintenance when deciding a
    divorce case; where the trial court has jurisdiction to grant a
    divorce it is mandatory that the court dispose of the related
    matters of alimony, support and property.

Appeal from Lake, Charles A. Wickens, J. Sub-
mitted Division 2 March 14, 1974, at Lansing.
(Docket No. 17611.) Decided May 31, 1974.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 1.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 534, 539.

Allowance of permanent alimony to wife against whom divorce is
    granted, 34 ALR2d 313.

Complaint for divorce by John Engemann against Kathlyn Engemann. Judgment for plaintiff. Defendant appeals. Affirmed.

*Frederic F. Brace,* for plaintiff.

*Weitzel & Frye,* for defendant.

Before: HOLBROOK, P. J., and ALLEN and VAN VALKENBURG,* JJ.

ALLEN, J. In this case the parties have raised two issues, each of first impression. Is a divorce from bed and board issued under MCLA 552.7; MSA 25.87, in one county a bar to a subsequent absolute divorce issued under the "no-fault" statute, 1971 PA 75, MCLA 552.6; MSA 25.86, in another county? If an absolute divorce may be granted, may the court as part of its judgment change provisions for alimony and support in the prior judgment of divorce from bed and board? The essential facts follow.

The parties were married February 1, 1945 and separated 23 years later in 1968. On August 28, 1970, the circuit court of Ionia County granted defendant a divorce from bed and board. The action was uncontested, with the property settlement and support provisions being amicably agreed to prior to the entry of judgment. The judgment included alimony of $500 per month for the natural lifetime of defendant, $40 per month payments to cover taxes and insurance on the home in Ionia County and hospitalization insurance for defendant equivalent to Blue Cross coverage.

In February 1972, one month after the effective

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

date of the no-fault divorce statute, 1971 PA 75, plaintiff commenced action for an absolute divorce. Plaintiff was then a legal resident of Lake County. Defendant filed a general appearance. In the proceedings, no objection was made to the granting of an absolute divorce, but the jurisdiction of Lake County to alter alimony, support or property settlement provisions previously made in Ionia County are contested. In a judgment dated April 30, 1972, the circuit court for Lake County granted plaintiff an absolute divorce, terminated the $40 a month payments on taxes and insurance and terminated plaintiff's obligation to provide hospitalization insurance. The Ionia County provision for lifetime alimony was eliminated, as such, but the monthly payments of $500 were held in abeyance until a later hearing when plaintiff's ability to pay and defendant's physical condition could be evaluated.

## I.

Is divorce from bed and board issued under MCLA 552.7; MSA 25.87 in one county a bar to a subsequent absolute divorce issued under the "no-fault" statute, 1971 PA 75, MCLA 552.6; MSA 25.86, in another county?

It is unnecessary for this court to answer the above question. Jurisdiction in a divorce is strictly statutory. *Rex v Rex,* 331 Mich 399, 409; 49 NW2d 348 (1951); *Snyder v Snyder,* 42 Mich App 573, 580; 202 NW2d 504 (1972). The no-fault divorce act, MCLA 552.6; MSA 25.86, became effective January 1, 1972. The statute clearly gave authority to a circuit court to grant an absolute divorce, assuming plaintiff was a bona fide resident of the county.

When defendant filed a general appearance and subsequently clearly agreed to the granting of an absolute divorce, any later objection to the court's jurisdiction is barred. One who accepts the benefits of a judgment of divorce cannot be heard to subsequently question the jurisdiction of the court which rendered it. *Zirkalos v Zirkalos,* 326 Mich 420, 426; 40 NW2d 313 (1949); *Norris v Norris,* 342 Mich 83, 87; 69 NW2d 208 (1955), *cert den* 350 US 903; 76 S Ct 182; 100 L Ed 793 (1955). Accordingly, we hold that in this instance where the wife has appeared and consented to the granting of the divorce, a prior judgment of divorce from bed and board in another county is not a bar to an absolute divorce issued under the no-fault statute.

## II.

If an absolute divorce may be granted, may the court as part of its judgment change provisions for alimony and support in the prior judgment of divorce from bed and board?

Having established the jurisdiction of Lake County to grant an absolute divorce, the question arises whether the court can proceed to modify the alimony and support provisions of the prior Ionia judgment. Defendant claims not, and cites the doctrine of res judicata. Defendant contends that the issues of alimony and support in the second action are identical with those determined in the first action and that under the well-settled rule that courts will not litigate for a second time issues previously determined, the circuit court for Lake County is precluded from changing the prior judgment. Defendant claims that the divorce was properly granted in Lake County but that the matter of alimony, support and property must be

returned to Ionia County. In effect, defendant seeks a bifurcated determination of the matters of divorce.

While Michigan has not passed upon the question, the majority opinion is that an earlier judgment of separate maintenance in favor of the wife is not a bar to a later absolute divorce. In *Rosenbaum v Rosenbaum,* 56 Misc 2d 221; 288 NYS2d 285 (1968), plaintiff wife, who previously had obtained a judgment of separation, brought suit for divorce shortly after the New York statute was amended to permit more liberal grounds for divorce actions. Defendant husband moved to dismiss, claiming the prior separation judgment would bar plaintiff. The court held the two actions were entirely different and that plaintiff might have a judgment of divorce.

"While there is no New York decision precisely in point, this problem has been adjudicated in other jurisdictions where divorce and separation have both been available as a remedy for the same type of marital misconduct, as is now the case in this State in regard to abandonment and other specified grounds. A majority of the jurisdictions where the question has arisen has held that a decree of separation is not a bar to an absolute divorce on the same ground, that the two remedies are not inconsistent and the doctrine of election does not apply, that the two have different objects and effects, one being in a sense ancillary to the other, that the cause of action is not the same and there is therefore no merger of the cause of action (see *Klinger v Klinger,* 79 SD 182; 109 NW2d 633; 90 ALR2d 742 [1961]; *Kunze v Kunze,* 153 Minn 5; 189 NW 447; 25 ALR 1045 [1922]; *Jenkins v Jenkins,* 125 Cal App 2d 109; 269 P2d 908 [1954]. In all of the foregoing the previously discussed case, *Murdock v Murdock,* 148 App Div 564; 132 NYS 964 [1911], is cited in support of such position. See also, *Williams v Williams,* 33 Ariz 367; 265 P 87; 61 ALR 1264 [1928]; *Tiernan v Tiernan,* 112 Neb 707; 201 NW

145 [1924]). While there has been some authority to the contrary (see *Weber v Weber,* 257 Wis 613; 44 NW2d 571 [1950]), the majority view would appear to be more consonant with the liberal policies manifested by this State's legislature in the enactment of our new divorce statute, effective September 1, 1967, and this court would follow such view." 56 Misc 2d 223–224; 288 NYS2d 288.

In *Kover v Kover,* 29 NY2d 408; 278 NE2d 886 (1972), three separate cases were heard, each seeking an absolute divorce despite an earlier judgment of separation. In each instance, the moving party sought a modification of the alimony and support provisions provided for in the prior judgment of separation. In each case the court concluded it was not bound by the prior alimony awards and proceeded to adjust them accordingly. In one of the three cases the prior award to the wife of alimony at $225 a month was terminated. The Court said:

"In a case, however, where divorce follows separation —whether under the recently enacted provision of the Domestic Relations Law (§ 170, subd [5] [L 1966, ch 254]) or under prior law on the ground of adultery—the parties are before the court in a new and different proceeding, in which different relief is sought. Under such circumstances, the court is privileged to consider the question of alimony *de novo.* (See, *e.g., Plancher v Plancher,* 29 NY2d 880; 328 NYS2d 444; 278 NE2d 650 [decided Jan. 5, 1972], affg 35 AD2d 417, 422; 317 NYS2d 140 [1970]; *Bishop v Bishop,* 15 AD2d 494, 495; 222 NYS2d 232 [1961]; *Goshin v Goshin,* 281 App Div 979; 120 NYS2d 596 [1953]; *Hedaya v Hedaya,* 68 Misc 2d 165; 327 NYS2d 720 [1969], *supra.)* Thus, it has been expressly held that 'the alimony provision in the separation decree is not conclusive with respect to the fixation of alimony in the divorce action and does not require plaintiff to bear the burden of showing change of circumstances'. *(Goshin v Goshin,* 281 App Div 979;

120 NYS2d 596, *supra.)* And, in the *Bishop* case (15 AD2d 494, 495; 222 NYS2d 232, 233, *supra),* the court declared, '[t]he stipulation and the separation decree do not deprive the trial judge in the divorce action of the power to award amounts for support which are different from the amounts specified in the separation decree'." 29 NY2d 413–414; 278 NE2d 887–888.

All of the decisions cited above apparently involve appeals from a divorce-trial court which had granted the earlier judgment of separate maintenance. Nevertheless they are sound authority that there is no immutability in the prior judgment. There is such a substantial difference between a divorce from bed and board and a divorce from the bonds of matrimony that the principles of res judicata do not apply.

Where a trial court has jurisdiction to grant a divorce—this fact having been conceded in the instant case by defendant—it is mandatory that the court dispose of the related matters of alimony, support and property. *Ritzer v Ritzer,* 243 Mich 406; 220 NW 812 (1928); *Losie v Losie,* 323 Mich 300; 35 NW2d 274 (1948). Both under the new no-fault divorce statute and the earlier statute, a trial court had power to determine alimony, MCLA 552.23; MSA 25.103, divide real and personal property, MCLA 552.19; MSA 25.99, and make provisions in lieu of dower, MCLA 552.101; MSA 25.131. Accordingly, we hold it was not error for the Circuit Court of Lake County to modify the alimony and support provisions made earlier in the judgment of separate maintenance.

Our decision leaves open the question of whether, in the absence of the opposite party's general appearance and consent, a circuit court other than the court in which a prior separate maintenance judgment was made has jurisdiction

to grant an absolute divorce. Public policy, case law, and statute dictate that jurisdiction over matters of alimony, support and property should not be bifurcated. One court of jurisdiction should proceed to dispose of all matters.

Affirmed, costs to appellee.

All concurred.