# STATE OF MICHIGAN

# COURT OF APPEALS

TOMMIE L. REED,

       Plaintiff-Appellant,

v

DEBORAH REED,

       Defendant-Appellee.

UNPUBLISHED
March 29, 2018

No. 336303
Wayne Circuit Court
LC No. 16-102110-DO

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

JANSEN, P.J. (*dissenting*).

Because I find the majority opinion to have no basis in law or fact, and because I would vacate the judgment of divorce in its entirety due to, at minimum, jurisdictional deficiencies, I dissent.

First and foremost, the trial court never took jurisdiction over the plaintiff's divorce complaint, which is violative of plaintiff's right to due process. Although the parties were sworn, there was no testimony that plaintiff had resided in Michigan for 180 days and Wayne County for 10 days immediately preceding filing his divorce complaint. This jurisdictional requirement is clearly laid out in MCL 552.9, and is necessary for the trial court to obtain subject-matter jurisdiction over any divorce action. The trial court's failure to do so is particularly troubling in light of the fact that defendant never filed a counter-claim for divorce. Accordingly, the trial court did not have the authority to enter a judgment of divorce in this action. That alone renders the divorce judgment invalid. The majority presents no authority that permits waiver of subject-matter jurisdiction: it does not exist. I find it deeply concerning how, seemingly in the interest of convenience, the majority is able to overlook such a flagrant violation of this pro per plaintiff's constitutional due process rights.

Second, in *Wyskowski v Wyskowski*, 211 Mich App 699, 702; 536 NW2d 603 (1995), this Court stated "[u]nlike virtually all other civil litigation between competent individuals, a divorce, even when settled, requires a hearing in the circuit court and the taking of proofs before a judgment can be entered." The terms of the parties' agreement must be placed on the record, and there must be some admission or acknowledgment *by the parties* that the agreement contains the terms of the settlement, as well as the parties signature. *Id*. The transcript of the September 28, 2016 hearing is clear that plaintiff did not agree to the terms of any settlement, arguing that the property distribution was inequitable and that he was entitled to a portion of defendant's pension,

which had never been previously disclosed by defendant or her counsel. It is unclear why defendant's counsel did not disclose his client's pension.

Further to the point, plaintiff did not sign the judgment of divorce. Additionally, the trial court did not make specific findings regarding the value of the property being awarded in the judgment. See *Olson v Olson*, 256 Mich App 619, 627; 671 NW2d 64 (2003), where this Court determined that a trial court is required to assign a value to marital property even if neither party submitted "persuasive evidence" regarding its value. In that respect, the judgment of divorce is woefully inadequate. An example, the judgment of divorce lacks the value of the time-share and the real and personal property in each party's possession. Again, I am perplexed by the majority's conclusion that despite the fact that "it is difficult to determine what, if any, evidence was the basis for the court's determination on the merits[,]" there was no error in the judgment of divorce.

Third, I find *Engemann v Engemann*, 53 Mich App 588; 219 NW2d 777 (1974) to be applicable regarding the trial court's reliance on the separate maintenance agreement. I find particularly persuasive this Court's statement that "[t]here is such a substantial difference between a divorce from bed and board and a divorce from the bonds of matrimony that the principles of res judicata do not apply." *Engemann*, 53 Mich App at 594. In my view, the trial court committed error-requiring reversal by incorporating the separate maintenance judgment into the judgment of divorce over plaintiff's objections, particularly in light of the fact that no proofs were taken regarding the property being divided. Further, plaintiff raised in the 2012 separate maintenance action, as well as in the present divorce action, the fact that defendant had not disclosed her own pension. If defendant were entitled to receive a pension, plaintiff's interest in that pension, if any, would survive defendant's death.

Finally, in my view, the effect of our decision on defendant's estate, if any exists, is beyond necessity for us to consider. The judgment of divorce is violative of Michigan law, and more importantly, plaintiff's due process rights. Plaintiff filed his claim on appeal on December 19, 2016. On November 1, 2017, plaintiff filed a statement of party's death filed in this Court, indicating that defendant had passed away on October 16, 2017. Regardless, defendant had roughly ten months prior to her passing to participate in this appeal, but for whatever reason, chose not to. No doubt defendant's trial counsel was aware of the existence of plaintiff's appeal. Plaintiff's arguments, which I find to have merit, should not be ignored or dismissed because of defendant's decision not to participate in this appeal.

Based on the foregoing, I would vacate the September 28, 2016 judgment of divorce, as it is void due to the trial court's lack of jurisdiction.

/s/ Kathleen Jansen