PASQUALE DI BENEDETTO, Appellant-Respondent, v. MICHELINA D'E. DI BENEDETTO, Respondent-Appellant.— In an action for divorce, plaintiff appeals from an order granting defendant temporary alimony of $50 a week and a counsel fee of $1,500, and providing also that defendant may apply to the trial court for additional counsel fees. Defendant appeals from so much of the order as fixed the allowances for temporary alimony and counsel fee. Order modified by striking therefrom the first ordering paragraph and by substituting in place thereof a provision denying defendant's motion for temporary alimony, and by striking from the third ordering paragraph the words and figures " and the alimony accrued since May 13, 1954". As so modified, order affirmed, without costs. Plaintiff obtained a judgment of separation from defendant, then a resident of Italy, in that country in 1950, on the ground of defendant's adultery. Defendant appeared in that action and vigorously contested the issues. The judgment therein, subsequently affirmed by an appellate court on defendant's appeal, granted plaintiff a separation because of defendant's fault, awarded him custody of the two children of the marriage and ordered him to pay defendant the sum of 10,000 lire a month for her support. In our opinion, the Italian decree, until impeached by proof that the court in which it was rendered did not have jurisdiction of the subject matter of the action or of the person of the defendant, or that it was procured by means of fraud, is entitled to recognition within the principle of comity (cf. Lazier v. Westcott, 26 N. Y. 146; Dunstan v. Higgins, 138 N. Y. 70, and Gould v. Gould, 235 N. Y. 14) and is the measure of plaintiff's obligation for support (cf. Schmalholz v. Schmalholz, 111 App. Div. 543, and Lowe v. Lowe, 279 App. Div. 852). Defendant does not claim that the Italian decree is subject to modification in that country and, if it be assumed that such is the case, there is no proof of circumstances which would justify such modification or permit the courts of this State to disregard, qualify or depart from its provisions. (Cf. Sistare v. Sistare, 218 U. S. 1, and Halvey v. Halvey, 330 U. S. 610.) The award of a counsel fee, to defend the action, was proper. (Shaw v. Shaw, 266 App. Div. 983.) Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur. [See post, p. 1053.]

ROSE DREYFUSS, Respondent, et al., Plaintiff, v. UNITED TRANSPORTATION CO., INC., et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from so much of the judgment as is in favor of plaintiff Rose Dreyfuss. Judgment, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.

LILIEN FREY, Respondent, v. LEOPOLD FREY, Appellant.— In a separation action, order granting temporary alimony and counsel fee modified by reducing the award of temporary alimony from $35 a week to $20 a week. As so modified, order affirmed, without costs. There is no showing of necessity which warrants more than a fixation of alimony at $20 a week. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.