Albert H. Buschmann, J.
Plaintiff husband has brought an action for divorce on the ground that a decree of separation was made and entered in favor of defendant wife in the Supreme Court, Queens County, on April 4, 1962, and alleges compliance with the requirements set forth in subdivision (5) of section 170 of the Domestic Relations Law.
The defendant in her answer denies substantial performance with the provisions of said decree and sets forth as a first affirmative defense that plaintiff has not substantially performed; as a second affirmative defense, that subdivision (5) of section 170 of the Domestic Relations Law is unconstitutional; and, as a third defense, that plaintiff husband was required to come in with ‘ ‘ clean hands ’ ’. Plaintiff herein obtained a unilateral Mexican decree subsequent to separation and ‘ ‘ remarried ’ ’. The latter defense was presented for the first time at the time of trial and is disposed of by Tantleff v. Tantleff (60 Misc 2d 608). In Tantleff, plaintiff husband brought an action pursuant to subdivision (6) of section 170 of the Domestic Relations Law, and the court held that ‘1 subdivision (6) is clearly unconcerned with the conduct and behavior of the parties, as a condition for granting each a right to divorce. The statutory intent is that such right becomes absolute, at the expiration of the two-year period, provided only that the separation agreement has been duly performed * * * Certainly the wording of the statute itself effects no denial of the [plaintiff’s] right to proceed with his newly conferred privileges *983 merely because of his alleged misconduct The alleged misconduct was the procurement of a Mexican divorce unilaterally between the time of filing the agreement and the commencement of this action and remarriage. In Tantleff, the court continues (pp. 611-612): “ Defendant relies strongly on the doctrine of estoppel in pais, based on plaintiff’s remarriage following the Mexican decree. Charging defendant [sic] with perverting the provisions of the new statute by £ asking a Court of equity to grant him a divorce against his lawful wife whom he represents to the world he has already divorced, ’ defendant points to plaintiff’s bigamous conduct as well as the alleged humiliation sustained by defendant as bearing on his right to seek equitable relief. While the doctrine of unclean hands has occasionally found expression in matrimonial actions (Packer v. Packer, 6 A D 2d 464), it has not generally been employed so as to bar plaintiff’s right to divorce solely on the basis of his prior activities in obtaining a unilateral foreign decree and re-marrying thereunder.
££ Moreover, plaintiff’s rights derive from the 1966 statute itself and the language of the Court of Appeals in People ex rel. Levine v. Shea (201 N. Y. 471, 478) is apt; £ Matrimonial actions are neither actions at law nor suits in equity but statutory actions modeled largely upon equity procedure. Both power and practice depend on the statute except that where the statute is silent the practice usually follows the rule in equity. ’ ’ ’ Therefore, even if defendant in the instant case were allowed to plead the principle of ‘ ‘ clean hands ’ ’, it would not be sufficient to bar the relief sought herein.
The second affirmative defense, i.e., unconstitutionality, was withdrawn on the theory that Gleason v. Gleason (26 N Y 2d 28) rendered this question moot. We are therefore faced with the validity of the first affirmative defense, failure to show substantial compliance. The bases on which defendant sets forth failure to comply substantially are: (1) that the plaintiff husband had not seen some of the children in four years; (2) that he had shown preference for the older children; (3) that he had, on occasion, brought the children back after 6:00 p.m. on Sunday, the return time according to the separation decree; (4) that he had kept one of his sons out late on the date of his holy communion; (5) most importantly, that the plaintiff had failed to make the payments required under the decree of separation and, in or about 1966, had paid some $2,800 in full settlement of alleged arrears.
It is defendant wife’s testimony that she accepted the $2,800 in settlement of approximately $3,600 to $4,000 in arrears. *984 Basically, therefore, we come to a question of what is substantial compliance. Certainly it is not intended that there be precise compliance with each and every term of the judgment of separation. The failure of the plaintiff husband to avail himself of certain visitation rights does not represent a failure to comply. I find no case that states that visitation rights must be exercised. It is a privilege given, in this case to the father, and nothing more. Similarly, the fact that the children might have been returned late on occasion does not establish failure to perform substantially.
Basically, therefore, we come to the ultimate question of whether the payment of $2,800 in or about 1966 for alleged arrears will defeat the husband’s claim for a divorce in' the instant action. Referring again to Gleason, the court has clearly held to a “ no fault ” doctrine. It is further set forth that dead marriages should be laid to rest. If the plaintiff husband’s actions dating back to 1965 or 1966 were permitted to defeat his present suit, it would mean, in effect, that once there had been any showing of arrears, that judgment of separation could never be used as a basis for a divorce. The background of the alleged arrears was not set forth, i.e.: was the alleged default willful? was it occasioned by illness or loss of position? etc. Even if the latter could be shown, the fact remains that the matter was adjusted about four years ago. There is no claim that there are additional arrears, and for all practical purposes plaintiff husband herein is up to date. In view of the admonishment contained in Gleason relative to dead marriages and the 1 ‘ no fault ’ ’ doctrine, it is held that there was substantial compliance in the instant -case and, hence, the affirmative defense is dismissed.
The parties herein were married on May 29, 1954 in The Bronx, New York, and have three children, presently 14,. 12 and 10 years of age, who reside with the wife. The wife is unemployed although she has done modeling work in the past, as have some of the children. It would appear that this source of revenue, if available at all at present, is minimal and can be disregarded.
The husband is directed to continue the payments provided in the judgment of separation, and said judgment is to be embodied to the extent applicable in the findings of fact, conclusions of law,, and judgment to be settled herein.
Plaintiff husband is awarded the divorce based on the decree of separation referred to herein.