ISADORE RUBIN, Appellant, *v.* GERTRUDE RUBIN, Respondent.

Fourth Department, January 14, 1971.

*Solomon Daniels* (*Carmelo A. Parlato* of counsel), for appellant.

*Irvin V. Iverson* for respondent.

HENRY, J.   Plaintiff appeals from a Special Term judgment dismissing his complaint in an action for divorce brought pursuant to subdivision 5 of section 170 of the Domestic Relations Law wherein he alleges that a decree of separation was rendered in Supreme Court on January 27, 1958 in favor of defendant herein, that the parties have since lived apart and that he has performed all the terms and conditions thereof.   In a decision rendered prior to *Gleason* v. *Gleason* (26 N Y 2d 28) Special Term dismissed the complaint, holding that subdivision (5) of section 170 was not to be applied retroactively and that plaintiff had failed to show that he had substantially performed the terms of the separation decree requiring payment of alimony.

The retroactivity of subdivision (5) of section 170 of the Domestic Relations Law having been settled by *Gleason* v. *Gleason* (*supra*), there remains here only the issue of whether appellant substantially complied with the terms of the separation decree.   This issue should be resolved in the light of the stated purposes of the no fault provisions of the law.   '' Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status '' (*Gleason* v. *Gleason,* 26 N Y 2d 28, 35).   Although appellant was delinquent in making the required alimony payments for several years, he complied therewith for a period of eight years prior to commencement of this action.   It is apparent that his marriage is dead.   The parties have lived apart for 12 years and there is no possibility of reconciliation.   The wife testified: '' He made me sick   *   *   *   [he] aggravated me.''   It would be contrary to the purposes of the law to deny a divorce to appellant because of his failure to make timely alimony payments eight years ago, especially where such failures have been cured or, at least, substantially cured.   (Cf. *Van Vort* v. *Van Vort,* 62 Misc 2d 981.)

The judgment insofar as it dismisses the complaint should be reversed and judgment entered in favor of plaintiff dissolving the previously existing marriage between the parties, upon the ground that the parties have lived apart for a period of over two years after the granting of a judgment of separation, plaintiff having substantially performed all the terms and conditions thereof.   In all other respects the judgment should be affirmed. Any application for counsel fees on this appeal should be made to Special Term.   (Domestic Relations Law § 237, subd. [b]; § 240; *Goshin* v. *Goshin,* 30 A D 2d 555.)

GABRIELLI, J. (concurring). I agree with the result reached by my colleagues. I do so, however, solely because the factual situation presented by the record meets the requirements of subdivision (5) of section 170 of the Domestic Relations Law. Unquestionably, plaintiff cured his initial failure to comply with the judgment of separation granted on January 27, 1958. Standing uncontradicted is his contention that he has fully performed his obligations under the judgment, as modified, for at least eight years. Under these circumstances I am impelled to conclude that " satisfactory proof has been submitted by the plaintiff that he * * * (has) substantially performed all the terms and the conditions of such decree or judgment." (Domestic Relations Law, § 170, subd. [5].) A contrary conclusion would forever deny relief to anyone who may have once failed to comply fully with a decree or judgment, despite a long and continuous history of complete performance thereafter. I do not read the provisions of this section to bar, nor do I find any legislative intent which would bar, relief to one who had once violated such a decree but who subsequently had fully met and complied with all his obligations provided therein.

DEL VECCHIO, J. P., MARSH and MOULE, JJ., concur with HENRY, J.; GABRIELLI, J., concurs in separate opinion.

Judgment insofar as it dismisses the complaint unanimously reversed on the law and facts and judgment of divorce granted, and otherwise judgment affirmed, all without costs.