■ MARTINO VITALE, Respondent, v. JOSEPHINE VITALE, Appellant.— Appeal by defendant, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered September 8, 1970, after a nonjury trial, as (1) granted plaintiff a divorce, pursuant to subdivision (5) of section 170 of the Domestic Relations Law, (2) granted defendant only $10 a week for support, (3) in granting defendant exclusive possession of the marital home, directed her to pay for its upkeep, and (4) denied defendant counsel fees in addition to the $500 theretofore awarded. Judgment affirmed insofar as appealed from, without costs. On May 25, 1967 a judgment of separation was awarded to defendant (plaintiff in the separation action). The judgment also awarded her exclusive possession of the marital home plus alimony of $10 per week. From May, 1967 to June, 1970 plaintiff paid $40 a month rather than $10 a week. Defendant never objected to plaintiff concerning this manner of payment and, in fact, cashed plaintiff's checks, which had the words "payment in full" written on the back. In defense against the present action, defendant argued that plaintiff, by paying $40 monthly rather than $10 weekly, had failed to substantially perform all the terms and conditions of the separation decree and accordingly had not made out a prima facie case. Plaintiff testified at the trial that the first time he was aware of his wife's objection to the manner of his payment was a few weeks before trial. The parties' two sons, however, testified that they had spoken to him back in 1967 about paying monthly when he should have been paying weekly. At the trial plaintiff made a formal tender to pay all amounts due and owing to defendant by virtue of the fact that he had been paying monthly rather than weekly. In our opinion, plaintiff substantially performed all the terms

and conditions of the separation decree. It would serve no purpose to say that his manner of payment precluded him from obtaining a divorce under subdivision (5) of section 170 of the Domestic Relations Law. Such a holding would not prevent him from making the necessary payment and immediately thereafter commencing another suit for divorce under this statute. In any event, on the trial plaintiff stipulated to make up the deficiency. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.