■ LEMUEL R. BROWN, Respondent, v. ADDIE BROWN, Appellant.— Order Supreme Court, New York County entered on January 17, 1972, denying defendant's motion for an order severing the causes of action and counterclaims of the parties and denying her application for a separate trial of her second counterclaim, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, the motion granted and the claims, causes of action and counterclaims of the respective parties severed and a prior trial directed of defendant's second counterclaim. Defendant's second counterclaim seeks a divorce based upon the provisions of subdivision (5) of section 170 of the Domestic Relations Law and the fact that the parties have lived apart since a judgment of separation was obtained by this defendant in April, 1961. Adultery, which is the basis of the remaining cross charges of the parties, is not a defense to defendant's second counterclaim. Said counterclaim can obviously be initially, expeditiously disposed of without prejudice to plaintiff who is free to raise questions relating to alimony even if his wife is successful. "Where divorce follows separation — whether under * * * Domestic Relations Law (§ 170, subd. [5] [L. 1966, ch. 254]) or under prior law on the ground of adultery — the parties are before the court in a new and different proceeding, in which different relief is sought. Under such circumstances, the court is privileged to consider the question of alimony *de novo* [citing cases] ". (*Kover* v. *Kover*, 29 N Y 2d 408, 413.) Concur — McGivern, J. P., McNally, Tilzer, Eager and Capozzoli, JJ.

## (April 27, 1972)

■ In the Matter of RAYMOND YANCEY, Petitioner, v. NEW YORK CITY HOUSING AUTHORITY, Respondent.— Determination of the respondent, dated on or about June 9, 1967, dismissing petitioner from his position of Housing Patrolman effective as of February 10, 1967, confirmed, without costs and without disbursements. Concur — Nunez, Murphy, McNally and Eager, JJ.; Stevens, P. J., dissents in part in the following memorandum: In my opinion, the measure of discipline imposed was excessive and not warranted by the facts. Accordingly, I would reduce the penalty to a suspension of the petitioner, such suspension to end as of the date of this order.