■ IRVING J. BOTTNER, Respondent-Appellant, v. ELAINE BOTTNER, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered August 23, 1971, unanimously modified, on the law and the facts, and in the exercise of discretion, in the third decretal paragraph thereof, to provide that the plaintiff shall pay to the defendant for support and maintenance the sum of $25,000 per year, with payment at the rate of $20,000 to commence September 19, 1968 as provided in said judgment and the $5,000 increase hereby awarded to commence on November 30, 1970, the date of the trial, in lieu of the sum of $20,000 as provided in said third paragraph, with credit given to the plaintiff for sums paid between September 19, 1968 and the date of the entry of the judgment herein pursuant to the judgment of separation entered June 29, 1961, and said judgment otherwise affirmed, without costs and without disbursements. This " divorce judgment supersedes the separation decree; and the court, having personal jurisdiction of the parties in the suit instituted by plaintiff, may render a de novo alimony determination" (Miraldi v. Miraldi, 36 A D 2d 858; see, also, Kover v. Kover, 29 N Y 2d 408). Although the alimony award now made is substantially higher than that provided in the decree of separation rendered in 1961, it is justified by the needs of the defendant wife and the change in circumstances, including an approximately fourfold increase in plaintiff husband's earnings and wealth, the wife's deterioration in health, the increased cost of maintaining the preseparation standard of living, and the higher income taxes now payable by wife. Applying the criteria set forth in the statute, the annual monetary payment of $25,000 (in addition to the other provisions of the judgment) is required as a payment by the plaintiff "to provide suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties " (Domestic Relations Law, § 236; see, also, Kover v. Kover, supra). Furthermore, we deem it a proper exercise of the discretionary power vested in the court to direct that the increased alimony payments shall retroactively commence as provided. (See McCarthy v. McCarthy, 143 N. Y. 235, 240–241; Mittman v. Mittman, 263 App. Div. 384, 386; Oppenheimer v. Oppenheimer, 11 A D 2d 1006, affd. 11 N Y 2d 838.) Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Eager, JJ.