Bertram Harnett, J.
This appears to be the first recorded case in New York in which a suing husband is denied a divorce decree on the grounds that he has not ‘ ‘ substantially performed all the terms and conditions ” of a separation decree of requisite age.
It comes about in an action for divorce brought by Norman B. Both where his wife, Frances M. Both, moves pursuant to subdivision (d) of CPLB 3212 for summary judgment dismissing the complaint.
The only ground for divorce claimed by the husband is that he and his wife were separated and have lived apart under a judgment of separation entered on August 28, 1971 in the Supreme Court, State of New York, County of Nassau, subsequently amended on October 21, 1971, and modified as amended by order of the Appellate Division, Second Department, dated May 22, 1972 (39 A D 2d 765). He claims he has substantially performed under the decree.
In moving to dismiss the action, Mrs. Both points to numerous documented instances of her husband’s default in payment of alimony and child support as required by the amended separation judgment, several court orders adjudging him to be in contempt of that prior directive, and recent late payment in full only under court compulsion. The question presented here is whether these incidents of noncompliance, under the circumstances, prevent the husband from prevailing in the divorce. The husband argues that as of now he is paid up, and that it is enough performance that he has lived apart from his wife since the separation decree.
A. THE STATUTE.
Section 170 of the Domestic Belations Law provides in pertinent part:
“ An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * *
“ (5) The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of one or more *137 years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment ”. (Emphasis supplied.)
B. TIMELINESS OF SUMMARY JUDGMENT.
A threshold question is posed by the husband contending that a motion for summary judgment is inappropriate because no answer has yet been filed, and, in essence, there has been no opportunity for him to submit “ satisfactory proof ” to support his claimed ground for divorce.
However, under subdivisions (a) and (d) of CPLR 3212 matrimonial actions may be excepted from the requirement of prior issue joinder where a defense exists based on documentary evidence or official records. As reflected below there have been substantial court proceedings, largely involving the husband’s failure to make alimony and support payments, and indeed a full hearing of record, with extended testimony, before this very court on the issues of compliance with the economic aspects of the parties’ decree.
At this point, it would mean invoking the rankest technicality in this prolonged dispute, with fully knowledgeable parties, to forestall action awaiting an “ answer ” on the payment issue. It is all in the record already. Moreover, the husband has represented to the court that he contemplates remarriage, and expedition of the controversy seems an objective he is promoting. At the recorded oral argument of this motion, there was substantial discussion of several pleading technicalities, including this one, and with expression by both sides of a desire to resolve the matter fully, the motion was deemed submitted.
We have here a question of the meaning of section 170 of the Domestic Relations Law and its application to an already judicially determined set of particular facts bearing on one . aspect of the statute. For the purposes of this motion, Mrs. Roth is deemed to have denied that her husband ‘ ‘ substantially ’ ’ performed all the terms and conditions of the separation decree, as alleged in the complaint.
C. SUBSTANTIAL PERFORMANCE OF ALL TERMS.
The crux of the matter then is what constitutes substantial performance under the statute.
1. THE STATUTE SAYS “ ALL THE TERMS AND CONDITIONS ”.
The court cannot accept the husband’s contention that he has “ substantially performed all the terms and conditions ” of a *138 separation decree by merely living apart from his wife, since there are other material directives contained in the decree.
Subdivision (5) of section 170 of the Domestic Relations Law specifies two conditions requisite for divorce eligibility. First, the husband and wife must live apart for a year or more pursuant to a separation decree. There is no dispute but that this condition has been satisfied. Second, the plaintiff must show he has “ substantially performed all the terms and conditions ” of the judgment. Here he must fail.
The phrase “ all the terms and conditions ” is unmistakable. •It contemplates examining the entire decree, determining the component directives, and ascertaining whether they were substantially performed by the party seeking divorce. Noncompliance with an insignificant provision should not bar a finding of substantial performance. Matters which are essentially organizational and optional, such as the noncustodial spouse’s exercise of visitation rights, strictly speaking are not “ terms or conditions ” that by their waiver would constitute nonperformance. (Van Vort v. Van Vort, 62 Misc 2d 981; 16 N. Y. Jur., Domestic Relations, § 878; see Vitale v. Vitale, 37 A D 2d 963.) Indeed, in 1968 the original wording of the statute, “ duly performed ” was changed to “ substantially performed ” in order to avoid the impression that technical but minor noncompliances might bar divorce relief. (L. 1968, ch. 700, § 1.) But, the major mandatory decretal duties imposed upon a party seeking to rely upon the decree as a basis for divorce must nonetheless be “all” substantially performed. Substantial noncompliance is still a disqualifying factor.
Philosophically, there is a residual justice ingredient in this aspect of the statute. The principle invoked is simply one of decretal adherence. One seeking to use a decree as a basis for judicial relief cannot have materially disregarded the terms of that decree. He cannot vitiate the decree when he wishes, and then invoke it to his benefit when he wishes. There must be a built-in requirement of respect for legal obligation imposed by decree. A party exhibiting contempt for a judicial decree may not be heard to use it as a means towards obtaining yet another court declaration. (See People ex rel. Levine v. Shea, 201 N. Y. 471, 478; Packer v. Packer, 6 A D 2d 464, 466.)
This self-contained axiom to some degree punishes the defaulting spouse by denying to him divorce relief based on a decree for disobedience of that decree, regardless of how hopeless the marriage may have become. Perhaps disregard of the ‘ ‘ separate bed and board ” directive is more indicative of a “ live ” *139 marriage and therefore is a more rational basis for withholding divorce relief. Indeed, the more flagrant the nonperformance of other decree provisions such as child support, or alimony, the greater indication there is of ongoing bitter and irrecoverable differences. Be that as it may, the statute clearly speaks of substantially performing all terms of the decree, not just those which reflect living apart.
In 1970 the Court of Appeals articulated the generally liberalized philosophy inherent in the liberalized divorce law enacted in 1966. In deciding that the very statutory subsection under consideration here is retroactively applicable to a pre-1966 decree, the court noted that, at least for purposes of that case, the “traditional fault approach to divorce ” had been abandoned, that now “the question of fault, of ‘guilt’ or ‘ innocence ’, is irrelevant.” (Gleason v. Gleason, 26 N Y 2d 28, 35). The basic statutory recognition that the law should not compel parties to a “ dead marriage ” to remain married, regardless of fault, underlay much of the new statutory “ conversion ” ground for divorce. (See Seldin v. Seldin, 55 Misc 2d 187.) But not all. Also included was the fundamental notion of respect for a court order. The focus in that respect is less on a spouse’s culpable behavior towards the partner, and is turned to fulfillment of judicially mandated obligations.
It is still true that the “guilty” husband who loses in a separation judgment granted because of his ‘ ‘ cruel and inhuman treatment ” can posit that decree later as a basis for divorce when he can demonstrate substantial performance. In that regard the irrelevance of “fault” to long-run matrimonial solution is preserved.
2. THE FACTS HERE.
Turning then to the contents of the amended separation decree here dated October 21, 1971, modified on appeal, we find not just a directive that the parties live apart. Mr. Roth was ordered to pay alimony and child support of $100 and $200 per week, respectively. He was mandated to pay $4,000 to Mrs. Roth as a counsel fee, in two installments of $2,000, 30 and then 90 days after the amended judgment was served. He was required to pay the cost of psychiatric treatment for the two Roth children within 10 days of receiving a proper bill. He was directed to pay Mrs. Roth $1,500 for medical expenses, plus costs and disbursements of the divorce action.
It is a matter of public record that plaintiff has both recently and repeatedly disregarded in significant ways these financial *140 aspects of the decree. He has been often in drastic arrearage, causing economic hardship to his wife. It may be that he now is “ current ” in meeting these obligations, but the record indicates anything but a voluntary willingness to substantially perform these legal responsibilities. In fact, it is only now, when plaintiff perceives compliance to be to his advantage as an avenue to secure divorce relief, that past arrearages have been eliminated. Over and over again plaintiff was dragged into court, found to be derelict in his payments, willfully, and directed to make up the arrearages.
Less than a month after the ink dried on this modified separation decree, Mrs. Both returned to court with an order to show cause seeking sequestration and to hold plaintiff in contempt. By stipulation dated December 7, 1971 in settlement of that motion made in open court on the record, Mr. Both “ acknowledged ”, and accepted under oath that $4,050 in alimony and child support, $2,000 in counsel fees, and $1,500 in medical reimbursement, were due under the original and amended judgments. In support alone, this represents over 13 weeks of total nonpayment, hardly to be characterized as inadvertent omission. In substance, the financial directive had been largely ignored and an agreed schedule of makeup payments was devised. Again, on August 22, 1972, Mr. Both was found to be $370 in arrears for alimony. On that same day, Mrs. Both moved by order to show cause to adjudge her husband in contempt of the amended decree, and he cross-moved to modify. By memorandum decision dated October 17, 1972, and order dated October 26, 1972, his arrears were found to be as much as $6,326.50, including child support, alimony, counsel fees and medical payments. His unilateral deduction of sums from weekly support obligations was found ‘ ‘ wholly improper ’ ’. The court also found that “ the defendant [Mr. Both] has completely.....ignored and shown his indifference to and wilful disregard of” the decree. His failure to pay was held willful and he was found to be in contempt of court. And, his request for modification was denied because he had ‘1 utterly failed to establish that there has been such change in his financial circumstances ’ ’ since the decree was entered.
More recently, on February 2,1973, this court adjudged plaintiff guilty of contempt of the court directives, emanating from the separation decree or subsequent proceedings establishing arrearage makeup payments, for failure to pay $2,762.50 and to turn over Bar Mitzvah and Bas Mitzvah pictures. In connection with this past adjudication, substantial testimony was *141 taken, with full opportunity to he heard on all payment questions. Both sides participated vigorously. And, finally on March 7, 1973 this court again adjudged Mr. Both in contempt, this time for failing to pay the counsel fee provided for in the February 2 order.
The record indicates substantial periods where Mr. Both wholly ignored the separation decree’s provisions, failed to perform them, and disregarded thereby the adjudicated needs of his family. No less than seven Supreme Court Justices have been required to decide disputes between the parties, in large part, coming from plaintiff’s disregard of court orders.
3. THE EFFECT OF SUBSTANTIAL PAYMENT DELAYS.
By no stretch of the imagination can plaintiff’s track record under the separation decree be characterized as substantial performance. It bespeaks of, and constitutes, substantial refusal to perform financial responsibilities under the decree. And, those responsibilities, particularly in a fragmented family, were and are of grave import to the over-all decree impact. Plaintiff has not sought to deny the defaults, instead contending that his compliance with the separate bed and board provision is enough.
His erroneous view is that compliance with the payment provisions is met by one belated payment at one point in history, and ignores the requirement of performance when intended throughout the duration of the decree. The financial inconvenience, the deprivation, aggravation, and upset, caused by extended withholding of alimony and support moneys is not cured by a belated court compelled payout. The testimony reflects a lot of hurt was done along the way. Timeliness in payment is an essential part of an obligation, particularly to those who anticipate living on the moneys due.
It is true that past arrearages in moneys owed are not per se disqualifying where they have been made up in full and the defaulting party has stayed current for a reasonable period of time. Thusly, in Rubin v. Rubin (35 A D 2d 460), a prior delinquency in alimony was corrected and the husband had been in full compliance with the separation decree for eight years. The court found (p. 462) substantial performance primarily because of the ‘ ‘ long and continuous history of complete performance ’ ’ after the initial default. It reasoned that under the Gleason doctrine it would be an exercise of futility to forever bar a party from obtaining a divorce because of past derelictions in support payments long since corrected. See, also, Van Fort v. Fan Fort *142 (62 Misc 2d 981, supra), where after initial defaults in the husband’s support payments, a four-year period of compliance followed, immediately preceding the divorce action, and was found to constitute substantial performance. (1 Foster-Freed, Law and the Family, § 6:31, pp. 332-333.) Here, however, there has been no period of any real duration where compliance, rather than intransigent refusal, has characterized plaintiff’s actions.
After some period of time (in this court’s view at least a full year) passes during which the husband has substantially performed the directives imposed upon him by the separation decree, he can submit satisfactory proof of substantial performance. This decision in no way adjudicates his ineligibility to ever demonstrate such grounds for divorce. We are finding only that at this point in time the record is overwhelming that plaintiff has not ‘ ‘ substantially performed all the terms and conditions ” of the separation decree.
D. rulings
Accordingly, the wife’s motion for summary judgment pursuant to CPLR 3212 dismissing the complaint is granted.
The husband’s cross motion for counsel fees has been made, and denied without exception, on numerous occasions in the past. As before, he has now set forth no basis for such an award. The cross motion is denied.
The wife is awarded a counsel fee of $750 for services rendered in moving to dismiss this action and defending against the cross motion, pursuant to section 237 of the Domestic Relations Law.
There are separate questions involving custody of the couple’s two children raised in a collateral motion by the husband to modify the separation decree. Because of the differences of those issues, a separate memorandum dealing with them is being filed simultaneously with this.