■ George W. Vesper, Appellant, v. Edith M. Vesper, Respondent.— Order unanimously affirmed, with costs. Memorandum: In this matrimonial dispute the respondent-wife's affidavits show that she controls over $65,000 in various bank accounts; appellant-husband in his affidavits and by way of a separate cause of action claims ownership of most of these funds. Under such circumstances, Special Term did not abuse its discretion in awarding temporary alimony, child support and counsel fees to the respondent. In affirming we note that we have held repeatedly that "'the remedy for any claimed inequity in awards of temporary alimony, child support or maintenance is a speedy trial where the respective finances of the parties can be ascertained and a permanent award based on the evidence may be made'" (*Tabor* v. *Tabor,* 39 A D 2d 640; *Dobbin* v. *Dobbin,* 39 A D 2d 836; *Frost* v. *Frost,* 38 A D 2d 786). (Appeal from order of Erie Special Term in annulment action.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.

■ State Division of Human Rights, Respondent, v. Genesee Hospital et al., Petitioners — Determination unanimously confirmed, without costs. Memorandum: In confirming we point out that the Human Rights Appeal Board is without statutory authority to reverse a decision of the State Division of Human Rights "in the interests of justice" (Executive Law, § 297-a, subd. 7). However, this case is unlike the usual appeal in which it is claimed that the appeals board substituted its judgment on the merits for that of the division (see *Matter of New York Tel. Co.* v. *Wethers,* 36 A D 2d 541, affd. 30 N Y 2d 791; *Long Is. R. R. Co.* v. *New York State Div. of Human Rights,* 42 A D 2d 857). Here the evidence contained in the record before the appeals board, particularly the division's subsequent order reopening the case, demonstrates that the division's original order dismissing the complaint without a hearing must be reversed (see *Mayo* v. *Hopeman Lbr. & Mfg. Co.,* 33 A D 2d 310, 313). (Notice of motion to reverse order of appeal board remitting case to State Division.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.