Sidney Leviss, J.
This is an action for divorce brought by the plaintiff husband based upon a judgment of separation entered in the office of the Clerk, County of Queens, on March 17, 1972.
At the commencement of the trial herein, plaintiff moved to amend his complaint requesting a downward modification of support payments or elimination of support payments, as directed in the judgment of separation dated March 17, 1972, such modification to be retroactive to May 25, 1973. Defendant wife opposed the consideration of the motion. The motion to amend plaintiff’s complaint was granted.
The court, after further reflection and consideration, recalls that decision and now denies the motion to amend the complaint. Such an application for modification of a judgment of separation, when made as an original application and not as a cross motion in response to a motion, is required pursuant to section 236 of the Domestic Relations Law to be made on application to the court in the form of an order to show cause. An order to show cause was not obtained in this instance and hence, in the absence thereof, the motion is jurisdictionally defective. (Stafford v Stafford, 27 Misc 2d 9; Kuhlman v Kuhlman, 58 NYS2d 269.)
However, there can be no argument that at the trial of this "conversion” divorce action, the court has the power to con *961 sider the alimony question de novo. (See Brown v Brown, 39 AD2d 540; Kover v Kover, Miraldi v Miraldi, Dulber v Dulber, decided together at 29 NY2d 408, 413.) It has been held that "the alimony provision in the separation decree is not conclusive with respect to the fixation of alimony in the divorce action and does not require plaintiff to bear the burden of showing change of circumstances”. (Goshin v Goshin, 281 App Div 979.) Therefore, this court will review the question of alimony de novo with the conviction that justice will be served thereby.
The parties were married July 3, 1943, in Providence, Rhode Island. There is one issue of the marriage who has attained majority. The parties have resided in the State of New York for a continuous period of more than one year immediately preceding the commencement of this action.
The court finds that the parties were separated by a judgment of this court entered March 17, 1972, wherein the wife was the plaintiff and prevailing party and the husband the defendant. That more than one year has elapsed since the date of such judgment of separation and that the parties have lived separate and apart from each other since the judgment of separation and thus for the period of one year or more after the granting of such judgment. The court finds that the parties have satisfied the jurisdictional requirements herein.
The proof shows that the judgment of separation dated March 17, 1972 provided that the defendant husband was to pay the sum of $225 weekly to the plaintiff wife for her support and maintenance retroactive to December 2, 1971. By order dated October 4, 1972, Mr. Justice Fitzpatrick granted the plaintiff wife leave to enter a money judgment against defendant husband in the amount of $3,825. Judgment for that amount was entered on October 10, 1972 which judgment defendant husband satisfied. By order dated March 1, 1973, Mr. Justice O’Connor granted sequestration of defendant’s property and appointed a receiver therefor. Defendant husband paid the arrears outstanding under that order.
On May 25, 1973, the husband commenced an action for divorce herein based on the judgment of separation dated March 17, 1972 alleging in his complaint that he has complied with each and every provision of the separation judgment and each of its terms and conditions. The wife answered and in her affirmative defense alleged that the husband had failed to comply with the provisions of the judgment of separation, in *962 that he was in arrears in the alimony payments, and moved for a dismissal of the complaint.
After the action for divorce was commenced on May 25, 1973, there was an order of this court made and entered on January 28, 1974 wherein Mr. Justice Giaccio directed the defendant husband to pay $150 counsel fees to plaintiff wife with respect to a motion made therein. The husband has never paid this counsel fee and has not obtained any subsequent decision relieving him from the payment thereof. Pursuant to an order of Justice Durante of this court dated May 11, 1974, granting leave to enter a money judgment, a judgment was entered against the defendant husband on May 13, 1974 in the amount of $3,175 for arrears in the payment of alimony for the period up to March 12, 1973. This judgment has not been satisfied and is presently outstanding in addition to a further $200 counsel fee unpaid by defendant husband.
Subdivision (5) of section 170 of the Domestic Relations Law provides that:
"An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * *
"(5) The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of one or more years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment.”
There is no question but that the parties have lived apart for a period of a year or more pursuant to the separation judgment herein. However, the dispute is to whether the plaintiff husband has substantially complied with all the terms and conditions of the judgment.
In the case of Roth v Roth (74 Misc 2d 135, 138), the court stated: "The phrase 'all the terms and conditions’ is unmistakable. It contemplates examining the entire decree, determining the component directives, and ascertaining whether they were substantially performed by the party seeking divorce. Noncompliance with an insignificant provision should not bar a finding of substantial performance. Matters which are essentially organizational and optional, such as the noncustodial spouse’s exercise of visitation rights, strictly speaking are not 'terms or conditions’ that by their waiver would constitute nonperformance. (Van Vort v Van Vort, 62 Misc 2d 981 * * *) *963 * * * But, the major mandatory decretal duties imposed upon a party seeking to rely upon the decree as a basis for divorce must nonetheless be 'all’ substantially performed. Substantial noncompliance is still a disqualifying factor.”
The evidence in the case at bar shows convincingly that the plaintiff husband is in arrears in his alimony payments pursuant to the separation judgment for a large amount and for a long period of time. In addition, he has failed to comply with and satisfy other subsequent orders and judgment of this court. This the court finds is not merely noncompliance with an insignificant provision of the decree but rather substantial noncompliance and nonperformance of the major mandatory decretal duties imposed upon the husband in the separation judgment dated March 17, 1972.
Plaintiff husband cites the cases of Vitale v Vitale (37 AD2d 963) and Rubin v Rubin (35 AD2d 460) in support of his position. The court finds no analogy therein to the case at bar. In the Rubin case, the husband complied with the decree for a period of eight years prior to the commencement of the action, and in the Vitale case, the plaintiff agreed at the trial to pay the arrears. In the instant case, the plaintiff husband has not made any payments for two years and has not agreed to pay same. Again citing Roth v Roth (supra, p 138): "One seeking to use a decree as a basis for judicial relief cannot have materially disregarded the terms of that decree. He cannot vitiate the decree when he wishes, and then invoke it to his benefit when he wishes. There must be a built-in requirement of respect for legal obligation imposed by decree. A party exhibiting contempt for a judicial decree may not be heard to use it as a means toward obtaining yet another court declaration. (See People ex rel. Levine v Shea, 201 NY 471, 478; Packer v Packer, 6 AD2d 464, 466.)” Accordingly, defendant’s motion to dismiss the complaint for divorce herein is granted.
With respect to the question of alimony modification, the evidence shows that the plaintiff husband was in an automobile accident on June 28, 1973 and was confined to the hospital for three and one-half weeks; that he now has a heart condition and receives $200 monthly disability payments; that he owned a dress shop for 10 years and then sold it in February, 1973; that he hasn’t looked for a job since June, 1973; that he pays $295 for the monthly rent of his apartment; that his only income is the $200 monthly disability payments which he receives in addition to moneys which his *964 brother gives him whenever he asks for it and the sum of $150 monthly which his sister sends to him. There was no medical testimony or other medical proof to the effect that plaintiff husband is unable to work, except his testimony thereof. This court was not impressed with the proof offered by the plaintiff relative hereto, but on the contrary, it was impressed by the lack of any medical or other credible proof in support of his position. Plaintiff’s motion for a downward modification of support payments or elimination of support payments is denied.
Defendant is granted leave to enter a money judgment in the amount of $19,575, such being the arrears in alimony unpaid by plaintiff husband to defendant wife from June 25, 1973 until February 26, 1975.
Defendant wife is granted counsel fee which plaintiff husband is directed to pay in the amount of $1,000.