CONSTANZO MIRAGLIA, Respondent, v LUCY MIRAGLIA, Appellant.

First Department, November 16, 1976

*Stanley Edward Bogal* for appellant.

No one appearing on behalf of respondent.

*Per Curiam.* In April, 1972, defendant, as plaintiff in a separation action, obtained a judgment of separation. In a subsequent modification of the judgment her husband, plaintiff in this present action for divorce, brought pursuant to subdivision (5) of section 170 of the Domestic Relations Law was directed to pay $100 per week for alimony and child support, plus the carrying charges and maintenance of the marital residence, exclusive possession of which was granted the wife.

Initially, defendant appeared *pro se* in this action commenced in April, 1975 and wrote a letter to the court which was treated as an answer. However, prior to November 7, 1975, she retained present counsel who has not yet filed a formal answer, but who, by what might fairly be termed dilatory tactics, has effectively prevented the case coming to trial. Counsel for plaintiff by letter dated February 4, 1976, offered to make plaintiff available for an examination of his finances and resources by defendant. The offer was never acted upon. In April, 1976, defendant by motion sought to strike the case from the calendar, to dismiss the complaint unless plaintiff appeared for oral deposition as to his earnings, assets and net worth, and for leave to interpose a proposed answer. Partial relief was granted only to the extent of requiring plaintiff to file a statement of his net worth. We are inclined to grant leave to defendant to serve a formal answer. However, the proposed answer, attached as an exhibit to defense counsel's affidavit in support of the motion, which seeks to set up as an affirmative defense the alleged adultery of plaintiff husband is not acceptable (see *Brown v Brown*, 39 AD2d 540). Moreover, there is little warrant for the alleged

counterclaim seeking an award of alimony and child support. "In a case * * * where divorce follows separation—whether under the recently enacted provision of the Domestic Relations Law (§ 170, subd. [5] * * *) or under prior law on the ground of adultery—the parties are before the court in a new and different proceeding, in which different relief is sought. Under such circumstances, the court is privileged to consider the question of alimony *de novo.*" *(Kover v Kover,* 29 NY2d 408, 413; Domestic Relations Law, § 236 *et seq.)* The court has full power to consider all essential elements with due regard to all relevant circumstances.

The order entered May 17, 1976, in the Supreme Court, New York County (GOMEZ, J.) should be modified, on the law, the facts, and in the exercise of discretion to permit defendant-appellant (defendant) to serve an amended or formal answer to the complaint. As so modified, the order is otherwise affirmed without costs or disbursements to either party.

STEVENS, P. J., MARKEWICH, KUPFERMAN, BIRNS and LANE, JJ., concur.

Order, Supreme Court, New York County entered on May 17, 1976, unanimously modified, on the law, the facts, and in the exercise of discretion to permit defendant-appellant to serve an amended or formal answer to the complaint. As so modified, the order is otherwise affirmed, without costs and without disbursements.