■ MILDRED KEMPLER et al., Respondents, v HENRY MEDNICK et al., as Executors and Trustees of SARAH R. MEDNICK, Deceased, Appellants. (And a Third-Party Action)—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated June 22, 1976, which, *inter alia,* granted plaintiffs' motion for leave to serve an amended complaint and supplemental bill of particulars. Order affirmed, with $50 costs and disbursements. Special Term properly exercised its discretion in granting the motion. Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.

■ IRVING M. KORNBERG et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered December 15, 1975, which is against them and in favor of defendants, upon a jury verdict, after a trial limited to the issue of liability only. Judgment affirmed, with costs. We perceive no prejudicial error in Trial Term's management of this case. Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.

■ LONG ISLAND RAIL ROAD COMPANY et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated June 30, 1976, which (1) vacated an order of the State Division of Human Rights, dated March 12, 1976, which dismissed the complaint and (2) remanded the matter to the division for further proceedings. Petition granted to the extent that the order of the appeal board is annulled, on the law, without costs or disbursements, and the matter is remanded to the board for further proceedings not inconsistent herewith. The time within which petitioners may submit formal opposition to the board is extended until 10 days after the date of entry of the order to be made hereon. In the event petitioners fail to submit such opposition, the petition is dismissed on the merits and the order confirmed, without costs or disbursements (see *State Div. of Human Rights v Genesee Hosp.,* 46 AD2d 729; *Matter of Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313, mot for lv to app dsmd 26 NY2d 962). Petitioners having been afforded no notice of the pendency of the appeal from the division order, their opportunity to be heard before the appeal board was impermissibly foreclosed. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.