ROBERT A. STERLACE, Appellant, v BARBARA A. STERLACE, Respondent. (Appeal No. 1.)

ROBERT A. STERLACE, Appellant, v BARBARA A. STERLACE, Respondent. (Appeal No. 2.)

Fourth Department, July 13, 1978

452

APPEARANCES OF COUNSEL

*John Lloyd Egan* for appellant.

*William B. Mahoney* for respondent.

## OPINION OF THE COURT

DILLON, J.

Both parties to this action seek a divorce on the ground that they have lived apart pursuant to a judgment of separation for a period of more than one year (Domestic Relations Law, § 170, subd 5). Plaintiff appeals from two intermediate orders, the first of which directed that he pay temporary alimony, child support and counsel fees; and another which conditioned a previously granted order of trial preference upon payment of arrearages which had accumulated under the temporary order.

The judgment of separation was entered in July, 1975 after trial, on a counterclaim interposed by the defendant in plaintiff's action for divorce. The judgment provided, *inter alia,* that the plaintiff pay alimony to the defendant in the sum of $300 per month for "one (1) year commencing July 1, 1975 and to terminate June 1, 1976", and support of $200 per month for the child of the marriage in the custody of the

defendant. On an appeal taken by the defendant we found the award of alimony to be insufficient and we also determined that there was no basis in the record for its elimination *in futuro.* Our modification of the judgment, to the extent relevant here, increased the award of alimony to $395 per month and eliminated the one-year limitation (see *Sterlace v Sterlace,* 52 AD2d 743). We did not disturb that part of the judgment which directed child support.

This divorce action was instituted in July, 1976, less than four months after our modification of the separation decree. The defendant counterclaimed and moved for temporary alimony, child support and counsel fees. Although it appears that the plaintiff was then in full compliance with the alimony and support provisions of the separation decree, Special Term awarded alimony *pendente lite* in the sum of $604.45 per month; child support of $200 per month and directed plaintiff to pay a counsel fee of $1,500. Leave was granted to the defendant to apply for additional counsel fees at trial.

Plaintiff then moved for an order of trial preference (CPLR 3403; Domestic Relations Law, § 249). The affidavit of defendant's counsel in opposition to the motion asserted that the case was not ready for trial because the plaintiff had not complied with Special Term's temporary order during the few weeks of its existence. Nonetheless, the preference was granted by the Calendar Justice and the case was placed on the day calendar on October 1, 1976. In accordance with the calendar practice in Erie County, a pretrial conference was held before another Calendar Justice in January, 1977. Defendant's counsel again argued that plaintiff was in default of the temporary order and that the matter should not proceed to trial until the default was cured. The Calendar Justice directed that the case be placed upon the ready day calendar for immediate trial but conditioned the order "upon the payment by the plaintiff * * * of the * * * alleged arrearage * * * in the sum of $1,256.70 and the payment of the attorney fees of $1,500.00".

█ It is significant to both appeals that except in the most compelling circumstances "parties to a matrimonial action should not waste their assets and the court's time seeking review of an order for temporary alimony." *(Kunerth v Kunerth,* 58 AD2d 1010; *Vesper v Vesper,* 46 AD2d 729; *Schoellkopf v Schoellkopf,* 41 AD2d 599; *Gelow v Gelow,* 41 AD2d 556.) Thus an early trial is to be preferred to appeals from interme-

diate orders in matrimonial matters *(Kunerth v Kunerth, supra; Connin v Connin,* 55 AD2d 1052). Plaintiff sought such relief in moving for an order of preference almost immediately following the award of temporary alimony which was substantially in excess of the final award in the separation decree as modified by this court.

It is within the court's discretion, provided that "justice so requires", to grant a motion for trial preference in a matrimonial action (Domestic Relations Law, § 249). When the motion was initially presented to the Calendar Justice, the issue of plaintiff's noncompliance with the temporary order was raised by the defendant and rejected by the court in granting the motion. The subsequent order of another Calendar Justice, conditioning immediate trial upon plaintiff's full compliance with the temporary order, was improper and has unnecessarily delayed the trial of this action for more than a year and a half. "It is fundamental that a Judge may not review or overrule an order of another Judge of co-ordinate jurisdiction in the same action or proceeding" *(Wright v County of Monroe,* 45 AD2d 932; see *Belski v New York Cent. R. R.,* 38 AD2d 882; CPLR 2221).

The more substantive question before us, however, concerns the power of Special Term to award temporary alimony and child support in a divorce action brought subsequent to the entry of a separation decree which fixed permanent alimony. Given that progression of events, we hold that the court is without authority to award temporary relief.

Judicial precedent compels that result, notwithstanding defendant's reliance on *Kover v Kover* (29 NY2d 408). True, *Kover* stands for the rule that where divorce follows separation the court is not bound by the prior alimony award but "is privileged to consider the question of alimony *de novo"* (p 413). As noted in *Kover,* however, its holding was based upon principles theretofore enunciated in *Plancher v Plancher* (35 AD2d 417, 422, affd 29 NY2d 880); *Bishop v Bishop* (15 AD2d 494, 495); *Goshin v Goshin* (281 App Div 979) and *Hedaya v Hedaya* (68 Misc 2d 165).

In *Plancher,* the Appellate Division, relying upon *Bishop,* found that upon the granting of a divorce in the subsequent action, new alimony may be provided "[a]s an incident to the judgment" (35 AD2d 417, 422). And in *Bishop,* the court recognized the power of "the *Trial Judge* in the divorce action * * * to award amounts for support which are different from

the amounts specified in the separation decree (15 AD2d 494, 495; emphasis supplied). *Goshin* and *Hedaya* stand as further authority that the Trial Judge may exercise such power in directing final judgment.

More recently, the rule has been further entrenched by precedent (see, e.g., *Weisberger v Weisberger,* 57 AD2d 535; *Bottner v Bottner,* 39 AD2d 680; *Brown v Brown,* 39 AD2d 540; *Stern v Stern,* 39 AD2d 87; *Winter v Winter,* 39 AD2d 69, affd without opn 31 NY2d 983) and, of course, must be applied on the trial of this action should divorce follow separation as in the three cases decided in *Kover* (29 NY2d 408, *supra).*

There is no precedent, however, for defendant's assertion that the principle should be applied to an award *pendente lite* in the subsequent action. To the contrary, it has been said that an outstanding judgment of separation providing for the wife's maintenance "measures the husband's obligation to the wife, and she may not receive an award for temporary alimony in [an] action for divorce" *(Lowe v Lowe,* 279 App Div 852; see *Di Benedetto v Di Benedetto,* 284 App Div 982). Such a rule is consistent with the sound principle that a judgment of the Supreme Court should not be vacated or modified except upon an appropriate application therefor (see Domestic Relations Law, §§ 236, 240; see, also, CPLR 5015) or, as may occur here, upon the entry of a new judgment in the subsequent divorce action which will supersede the separation decree *(Bottner v Bottner, supra; Miraldi v Miraldi,* 36 AD2d 858, affd 29 NY2d 408).

■ Prior to the entry of judgment in the divorce action, the appropriate remedy for a wife who seeks increased alimony and support is a motion for modification of the judgment in the separation action. Since a court may not lightly be asked repeatedly to perform the same function, the defendant's burden on such a motion will be to show a substantial change of circumstances *(Kover v Kover,* 29 NY2d 408, 413, *supra,* and cases cited therein).

■ Having thus decided that the temporary order for alimony and child support is invalid, it does not follow that the defendant is not entitled to counsel fees to defend this action and to carry on her counterclaim (see *Di Benedetto v Di Benedetto,* 284 App Div 982, *supra; Lowe v Lowe,* 279 App Div 852, *supra).* This is a new and different proceeding, and we find no basis for disturbing Special Term's exercise of discretion in making such an award. The plaintiff is directed to pay

the counsel fee within 10 days from the order to be entered herein but in no event should the trial of this action be further delayed. It is assumed that any failure on the part of the plaintiff to comply with such order will be met with appropriate enforcement proceedings.

The order awarding temporary alimony, child support and counsel fees should be modified in accordance with this opinion and, as modified, should be affirmed.

The order which conditioned the trial of this action upon the payment of arrearages of alimony, support and counsel fees should be reversed and the case should proceed to trial at the earliest possible time.

MARSH, P. J., MOULE and SCHNEPP, JJ., concur; DENMAN, J., not participating.

Order in Appeal No. 1 unanimously modified in accordance with opinion by DILLON, J. and, as modified, affirmed, without costs.

Order in Appeal No. 2 unanimously reversed and prompt trial directed.