JEAN E. ADRIEN, Appellant, v ARTHUR E. ADRIEN, Respondent.— Order unanimously modified and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: The parties were married in 1948 and were divorced in the State of Maine in January, 1975. The divorce decree directed defendant to pay alimony of $125 per week. In October, 1975 defendant was held in contempt in Maine for nonpayment of alimony in the sum of $2,700. At the same time, upon defendant's untruthful assertions as to his income, the court reduced the alimony to $100 per week. The plaintiff was paid the arrearage, as directed by the court, from the proceeds of the sale of the marital residence. Plaintiff appeals from an order which denied her application for judgment in the sum of an accumulated arrearage under the modified Maine divorce decree; further reduced the alimony award to $300 per month; and awarded counsel fees to plaintiff in the sum of $500 rather than $800 as requested. A foreign judgment of divorce directing installment payments of alimony is entitled to full faith and credit and is enforceable in the courts of New York (US Const, art IV, § 1; *Matter of Rhinelander,* 290 NY 31, 36-37; *Smith v Smith,* 255 App Div 652; *Hoch v Hoch,* 80 Misc 2d 653). Upon a demonstration that the defendant was in arrears of alimony payments due under the Maine divorce decree as modified, Special Term had the discretionary power to direct the entry of judgment in plaintiff's favor for all or part of such arrearage (Domestic Relations Law, § 244). In denying her application, Special Term determined that the value of certain tools which were awarded to defendant in the original judgment, but which he had not received, was approximately equal to the arrearage of $4,700. Upon that finding, the court "waived" the arrearage and forfeited defendant's claim to the tools. The court's determi-

nation with respect to the value of the tools is wholly without basis in the record and should not have been employed as a foundation for the exercise of the court's discretion denying plaintiff's request for relief. Judgment should have been granted to the plaintiff in the sum of $4,700 in accordance with the provisions of section 244 of the Domestic Relations Law. Similarly, the evidence does not justify the reduction of alimony payments from $100 per week to $300 per month. Aside from the fact that the record fails to reveal an application for such relief by the defendant or that he filed an affidavit of financial disclosure as required (Domestic Relations Law, § 250), he otherwise failed to show a substantial change of circumstances to warrant the reduction (see *Kover v Kover,* 29 NY2d 408, 413; *Sterlace v Sterlace,* 63 AD2d 450; *Hickland v Hickland,* 56 AD2d 978). The income of both plaintiff and defendant had increased slightly since the proceedings in Maine. Defendant's claim of hardship is based primarily upon increased expenses resulting from his support of a second wife and her children. A divorced husband's remarriage will not warrant a reduction in alimony payments where the husband's income remains unchanged *(Matter of Windwer v Windwer,* 39 AD2d 927, affd 33 NY2d 599). Finally, we find no abuse of discretion in the award of counsel fees. (Appeal from order of Onondaga Supreme Court—alimony arrearages.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.