■ MATTHEW J. KEEHAN, JR., Respondent, v MARY P. KEEHAN, Appellant. — Appeal from an order of the Family Court of Saratoga County (Remsen, J.), entered April 6, 1981, which denied defendant's motion to reargue a motion upon which a decision was rendered on July 8, 1980 and to vacate the order based upon said decision which was entered on July 10, 1980 in Saratoga County. The underlying action herein for divorce was commenced by plaintiff by service of a summons on May 21, 1979, and on this appeal defendant challenges an order of the Family Court of Saratoga County which denied her motion to reargue an earlier motion by her for temporary alimony and support and to vacate a prior order issued by the Family Court on the earlier motion. This prior order, which was entered on July 10, 1980, granted defendant's motion to the extent of awarding her, *inter alia,* custody of the three dependent children of the marriage, exclusive possession of the marital residence and support for herself and the children in the sum of $626.79 per month. Additionally, plaintiff was directed to make the monthly mortgage payment of $286.43 on the marital residence and to pay all reasonable medical and dental expenses for defendant and the three children. Only defendant's request for an award of counsel fees was denied. It should also be noted that this order of July 10, 1980

was issued following a hearing at which testimony was taken, but neither defendant nor her attorney appeared. We hold that the challenged order should be affirmed. Initially, it should be noted that the denial of a motion for reargument is not appealable (*D. M. G. Constr. Corp. v Marcello,* 55 AD2d 670). As for defendant's motion to vacate the prior Family Court order, an examination of the record in this case reveals that the proceedings have been delayed several times by adjournments sought by defendant's attorneys and by the failure of defendant and her attorneys to appear at scheduled times for court hearings and an examination before trial. Moreover, even though neither defendant nor her attorney appeared at the hearing on her motion for temporary alimony and support, in our judgment the order which resulted therefrom makes adequate provision for the support of defendant and her children pending a final resolution of the underlying divorce action. Under these circumstances, even assuming defendant and her attorney had a reasonable excuse for their nonappearance at the hearing on her motion for temporary support, defendant should seek redress from the claimed inequity of her award of support and alimony not by challenging the temporary order on appeal, but rather by actively pursuing a speedy trial of the divorce action wherein all of the various contested matters can be finally and most expeditiously resolved (cf. *Sterlace v Sterlace,* 63 AD2d 450; *Kunerth v Kunerth,* 58 AD2d 1010; *Levene v Levene,* 41 AD2d 530). Order affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.