■ PATRICIA McCARTHY, Respondent, v JOSEPH F. McCARTHY, Appellant. [610 NYS2d 619] —In a matrimonial action in which the parties were divorced by a judgment dated March 30, 1978, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated June 8, 1992, which denied, without a hearing, his application for a downward modification of alimony and child support.

Ordered that the order is modified by deleting the provision thereof which denied the motion in its entirety and substituting therefor a provision granting the motion to the extent of deleting from the third decretal paragraph of the judgment of divorce the words "for the support of the above named child the sums stated in the Separation Agreement and", and denying the motion in all other respects; as so modified, the order is affirmed, without costs or disbursements.

The parties were married on October 11, 1952. On February 23, 1978, they executed a separation agreement which was

incorporated in but did not merge with a judgment of divorce dated March 30, 1978.

The separation agreement provided, *inter alia,* in Article 3 thereof, that the defendant husband was to pay alimony to the wife in the amount of $2,291.67 each month. Article 4 of the agreement provided, *inter alia,* that the husband was to pay child support for Keith, the youngest child of the marriage, who was then 14 years old, but that the obligation to pay child support would terminate when Keith reached the age of 21.

The terms of the agreement "were made in contemplation of the husband's [then] present income only". The agreement further provided that the former husband's "reported income for the years" 1974 through 1977 was in excess of $100,000 each year. Finally, the agreement provided that the husband could apply for a reduction in the amount of alimony and child support to be paid if he suffered "a substantial downward change in his financial circumstances."

By order to show cause dated February 5, 1992, the defendant moved for a downward modification of his obligations to his former wife and his son Keith. In support thereof, the defendant submitted a net worth affidavit which indicated that his gross earnings had not decreased since the time the agreement was executed but, in fact, had increased to $295,-800. In addition, the affidavit indicated that he owned 100% of his business, several cars, two homes valued in excess of $800,000, and various other assets. It appears from the record that the real basis for the defendant's application was the expenses he was incurring for a child from a second marriage. However, it is well settled that a "divorced husband's remarriage [with concomitant support obligations] is not such a circumstance as warrants a reduction in alimony payments to his first wife, where the husband's income remains unchanged", much less when it increases *(Hickland v Hickland,* 56 AD2d 978, 979; *Adrien v Adrien,* 65 AD2d 931).

Moreover, there is no merit to the defendant's argument that of the $2,291.67 monthly alimony pursuant to Article 3 of the agreement, "approximately $1,000 per month * * * was allocated to be for the support of * * * Keith", and since Keith is now over the age of 21, this $1,000 should be deducted from $2,291.67. The record does not support the defendant's claim that a portion of the alimony to be paid pursuant to Article 3 of the separation agreement, was to be considered child support.

Nevertheless, since Keith is now over the age of 21, the defendant is no longer obligated to pay child support pursuant to Article 4 of the agreement.

Accordingly, the defendant's motion for downward modification is granted to the extent indicated. Mangano, P. J., Miller, Hart and Florio, JJ., concur.